**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br><br>    Plaintiff,<br><br>    v.<br><br>**FAMILY DOLLAR, INC.**<br><br>    Defendant. | Civil Action No.  07 C 6996<br><br>Judge Samuel Der-Yeghiayan<br>Magistrate Judge Sidney I. Schenkier |

### DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**I.    INTRODUCTION**

Plaintiff, Equal Employment Opportunity Commission ("EEOC"), alleges that Defendant, Family Dollar, Inc. ("Family Dollar" or "the Company"), subjected Kizzie Cotton and "other dark-skinned African-American employees" to a hostile and abusive work environment because of their color, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII").  EEOC's Complaint is devoid of any factual allegations, however, and simply claims that:

> Starting in about 2005, Defendant violated Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a) by subjecting Kizzie Cotton and other dark skinned African American employees to harassment based on the color of their skin and by failing to take prompt remedial action intended to eliminate the harassment after the [sic] it became aware of the illegal behavior.

(Complaint, ¶ 7).  Without the necessary factual detail, EEOC's Complaint (1) fails to describe the claim against Family Dollar in sufficient detail so as to give the Company fair notice of what EEOC's claim is and the grounds upon which it rests and (2) does not plausibly suggest, beyond

a speculative level, that EEOC has a right to relief. *Twombly v. Bell Atlantic Corp.*, __ U.S. ___, 127 S. Ct. 1955, 1964-65 (2007). For those reasons, the Complaint should be dismissed.

## II.   THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows for the dismissal of a Complaint where the plaintiff has failed to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). To state a claim, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Twombly v. Bell Atlantic Corp.*, ___ U.S. ___, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007), the United States Supreme Court recently clarified that the complaint must meet two criteria in order to satisfy Rule 8(a)(2),. First, the complaint must provide sufficient detail such that the defendant has fair notice of the claim and the grounds upon which it rests. *Twombly*, 127 S. Ct. at 1964. Second, the complaint's allegations must plausibly suggest, beyond a speculative level, that the plaintiff has a right to relief. *Id.* at 1964-65. As set forth below, EEOC's Complaint in the present case fails in both respects.

### A.   EEOC Fails To Provide Sufficient Detail Such That Family Dollar Has Fair Notice Of The Claim And The Grounds Upon Which It Rests

#### 1.   Under *Concentra*, The Complaint Must Be Dismissed

While Rule 8(a)(2) does not require detailed pleading, a complaint should contain information that the plaintiff can provide to alert the defendant to the basic, critical factual underpinnings of the claim. *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 780 (7th Cir. 2007). In *EEOC v. Concentra Health Services, Inc*, the Seventh Circuit recently explained this principle in another case in which EEOC's complaint was similarly "terse." As is true in the

instant case, the *Concentra* complaint described the claim for relief by referencing the applicable legal standards with no factual detail:

> Since at least 2001, Defendant has engaged in unlawful employment practices at its Elk Grove location, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a). Such unlawful employment practices include, but are not limited to, ***retaliating against [the employee] after he opposed conduct in the workplace that he objectively and reasonably believed in good faith violated Title VII by reporting the conduct to Concentra's Director of Human Resources***. Concentra's retaliation includes, but is not limited to, issuing [the employee] unwarranted negative evaluations and terminating him.

*Id*. at 776 (emphasis added). Concentra moved to dismiss the complaint, in part, because EEOC had failed to specify the conduct that the employee had reported to the Director of Human Resources (other than to allege that the employee "reasonably believed" the conduct violated Title VII). *Id*. at 779-80. In other words, Concentra argued that EEOC had failed to give it fair notice of the claim against it and the grounds upon which it was based.

The district court agreed with Concentra and granted the motion to dismiss. The Seventh Circuit affirmed. While the Seventh Circuit acknowledged the "liberal" intent of "notice pleading," it reasoned that:

> . . . a pleading standard designed to protect litigants and their lawyers from needless, counterproductive technicality is less convincingly invoked by a government agency seeking to simply step around a more informative complaint that has been dismissed for failure to state a claim. The rules do not require unnecessary detail, but neither do they promote vagueness or reward deliberate obfuscation.

*Id*. at 780. Surely, the Seventh Circuit reasoned, the employee in question remembered "in some detail" what he had said to the Director of Human Resources and had relayed that information to EEOC in the course of its investigation. *Id*. at 781. These additional details were "critically important to the case and might facilitate a quick resolution on the merits." *Id*. In other words,

the additional factual detail would have enabled Concentra and the Court to determine whether EEOC had a plausible theory of relief or had, on the other hand, "misconstrued the scope of Title VII." *Id.*

Thus, the *Concentra* Court held that to satisfy *Twombly* and Rule 8(a)(2), complaints must include "easily provided, clearly important facts" regarding the claims at issue. *Id.* at 782.

### 2. EEOC's Complaint Against Family Dollar Does Not Satisfy The Standards Enunciated In *Twombly* and *Concentra* Because EEOC Has Failed To Disclose Easily Provided, Clearly Important Facts

As was true in *Concentra*, EEOC's Complaint against Family Dollar does not provide readily available, necessary factual detail about the claims at issue. To the contrary, in a single paragraph of the Complaint, EEOC broadly alleges that Family Dollar subjected Cotton and "other dark skinned African American employees" to harassment based on the color of their skin and failed to take "prompt remedial action" to remedy the "harassment." (Complaint, ¶ 7). EEOC does not offer a single fact to alert Family Dollar as to the nature of the alleged conduct underlying the class "harassment" claim. Instead, EEOC rests upon its unsupported legal conclusions. These allegations are insufficient to withstand dismissal. *Perkins v. Silverstein*, 939 F.2d 463, 467-68 (7th Cir. 1991) (affirming dismissal of harassment claims because claim that defendant made "unwelcome sexual advances" that "affected the terms and conditions of the plaintiff's employment" was a mere recitation of statutory language that failed to provide notice of plaintiff's claim); *Sienko v. Village of Woodridge*, 1996 U.S. Dist. LEXIS 9825, at *11-12 (N.D. Ill. July 11, 1991) (dismissing sexual harassment complaint because plaintiff who generally alleged that she was subjected to "unwelcome conduct of a sexual and gender based

4

nature," without additional supporting facts, failed to provide sufficient information to support her claim).[1]

The need for additional detail on EEOC's claims is critical because, by their very nature, the parameters of color discrimination claims are difficult to ascertain and the class itself is not readily identifiable. *See Harris v. Initial Security, Inc.*, 2007 U.S. Dist. LEXIS 18397, at * 11 (S.D.N.Y. March 7, 2007) (a class consisting of "dark-skinned" employees is not ascertainable because there is no objective criteria to which the Court could refer to determine whether someone is sufficiently dark-skinned to be a class member).[2] This general principle is clearly exemplified by the facts of this case because *all* Family Dollar employees -- whether managers, decision-makers, alleged harassers or subordinate employees -- who worked at Cotton's former store are African-American. Thus, without knowing additional details about EEOC's claim -- such as who is sufficiently "dark-skinned" so as to be a class member and who, in contrast, is an alleged harasser -- Family Dollar is unable to determine the precise and objective contours of the class. *See Id.*

Certainly Cotton -- who is the only individual identified in the Complaint as filing a Charge of Discrimination with EEOC -- divulged the factual details of her claim to EEOC during the course of its investigation of her Charge. Nevertheless, the details which inform EEOC's federal court Complaint have never been shared with Family Dollar -- they are neither included in the Complaint nor in Cotton's EEOC Charge. In fact, the Charge itself is markedly different than EEOC's federal court Complaint. Cotton's EEOC Charge was strictly limited to conduct which allegedly was committed solely against her, by her supervisor(s), at the only store at

---

[1] Any and all unreported cases have been attached hereto as <u>Exhibit A</u>.
[2] In contrast, a class consisting of African American employees is readily identifiable because it is made up of a group deemed to be distinguishable from others by an immutable characteristic – race. *Harris*, 2007 U.S. Dist. LEXIS 18397, at * 11.

5

which she worked.[3]  (A copy of Cotton's Charge is attached hereto as <u>Exhibit B</u>).  In contrast, EEOC's complaint is filed on behalf of Cotton and "other dark skinned African American employees," and the purportedly unlawful (albeit, unidentified) practices are broadly alleged to have occurred "within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division," without reference to any specific stores.  *See* Complaint, ¶¶ 2, 7-8.  Thus, EEOC now appears to be claiming that supervisors *other* than those who managed Cotton "harassed" "dark-skinned" employees *other* than Cotton, at stores *other* than the one at which Cotton worked.

Prior to filing its lawsuit, EEOC surely gathered additional information that could have been "easily provided" to supplement the vague class allegations in its Complaint.  *See Concentra Health Services*, 496 F.3d at 782 (requiring EEOC to disclose "easily provided, clearly important facts").  At a minimum, EEOC certainly should be able to identify the stores at which the alleged harassment occurred.  EEOC also should be able to identify the "dark-skinned employees" -- other than Cotton -- who claim to have been harassed because of their color.  This information should be readily available to EEOC because it presumably formed the basis of the EEOC's determination that Family Dollar had allegedly subjected Cotton and other "dark skinned African American employees" to color discrimination.

It is likewise undeniable that Family Dollar has a critical need to know the basis of EEOC's claims in this regard.  *See Id.* (EEOC must disclose "clearly important facts.")  Without knowing what specific conduct the EEOC has deemed "harassing", or which stores and/or

---

[3]  EEOC references Cotton's Charge in paragraph six of the Complaint, and the Charge vaguely alleges claims of color discrimination based on unidentified "derogatory comments and threats" towards Cotton.  If this Court chooses to consider this Charge, it need not treat this motion as one for summary judgment, *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002); however, if the Court chooses to so convert the motion, Family Dollar respectfully requests that it be permitted to promptly submit its Rule 56.1 statement.

6

managers are involved, or how this "harassment" affected a class of employees (and who is in the class), the Company cannot even begin to evaluate whether EEOC has a viable claim without undertaking expensive discovery. Requiring a defendant to begin discovery without some basic information about the claim at issue directly contravenes both *Twombly* and Seventh Circuit precedent that pre-dated this decision. *Concentra*, 496 F.3d at 779, n. 3 ("what our cases require, however, is that a defendant know some quantum of information about the plaintiff's claim before discovery starts.").

It is unclear why EEOC has failed to provide this basic, factual detail in its complaint. What is clear is that, as things now stand, EEOC is the only party that knows the grounds for its belief that Family Dollar has violated Title VII, and Family Dollar is simply left to wonder as to the factual basis for EEOC's claim. Perhaps, knowing the facts it knows, EEOC has no plausible theory of relief to support its class claims at present but hopes to find or develop one in the course of discovery. Or, perhaps EEOC *does* have a theory of relief but is concealing it in the hope that Family Dollar will not be able to mount an effective defense. Either scenario is unacceptable under *Twombly*. *See Twombly*, 127 S. Ct. at 1966-67. The Complaint should therefore be dismissed.

### 3.    *EEOC v. McIntyre* is Inapposite

In an attempt to save its vaguely pled complaint from dismissal, Family Dollar anticipates that EEOC may rely on *EEOC v. McIntyre Group, LTD*, 2007 U.S. Dist. LEXIS 90847 (N.D. Ill. Dec. 11, 2007). However, *McIntyre Group* is inapposite here. In *McIntyre Group*, EEOC claimed that the defendant had subjected a class of employees to race discrimination, racial harassment and retaliation. *McIntyre Group*, 2007 U.S. Dist. LEXIS 90847, at *6. According to the EEOC, the defendant had violated Title VII by subjecting the class to: (1) "harassment because of their race, African-American"; (2) paying them less than similarly situated non-

7

African American employees; (3) failing to promote qualified African American employees; (4) retaliating against an individual because he complained about race harassment and/or discrimination in the workplace; (5) retaliating against the individual and a class by terminating them because they complained about race harassment and/or discrimination in the workplace; and (6) retaliating against a class by withholding or threatening to withhold bonuses because a charge of discrimination was filed. *Id.* at \*5-6. The defendant moved to dismiss the entire complaint on the grounds that the EEOC had failed to provide factual allegations to support *all* of its claims of class-wide discrimination, harassment and retaliation.

In its opinion, the *McIntyre* court did not focus on the sufficiency of the racial harassment allegations, when viewed independently from the other claims. Rather, the court addressed the EEOC's six enumerated claims as a whole and concluded that they could withstand dismissal because, when taken together, the allegations provided certain specific information which gave the defendant on fair notice of the EEOC's claim. For example, the court noted that the complaint explicitly referenced the specific facility at which the alleged unlawful acts occurred -- based on that information, the defendant could presumably determine the identity of the alleged harassers. *See McIntyre*, 2007 U.S. Dist. LEXIS 90847, at \* 8. The court also noted that, as illustrated through the enumerated violations of Title VII contained within the complaint, the EEOC had provided detail regarding the specific unlawful acts that were committed, such as discrimination related to compensation or promotion, or retaliation in the form of terminations or the withholding of bonuses. *McIntyre*, 2007 U.S. Dist. LEXIS 90847, at \* 8.

As explained, no such information or detail has been provided to Family Dollar here. EEOC has not identified the facility/facilities at which the alleged harassment purportedly occurred, nor has it provided any factual detail as to the Company's alleged conduct other than

the bald conclusion that "harassment" occurred. Thus, *McIntyre* is not controlling here. Rather, EEOC is required to provide additional facts -- which the agency should readily have in its possession as a result of its pre-suit investigation -- so that Family Dollar (and the Court) may determine whether EEOC has a plausible theory of relief or has, on the other hand, "misconstrued the scope of Title VII." *Concentra,* 496 F.3d at 781.[4]  Because EEOC has failed to do so, the Complaint must be dismissed.

      **B.    The EEOC Fails To Allege Sufficient Facts That Plausibly Suggest, Beyond A Speculative Level, That It Has A Right To Relief**

A complaint requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1964-65. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965 (internal citations omitted). In *Twombly*, the plaintiffs brought an anti-trust action against a number of telephone and internet service providers. *Id.* at 1962. The plaintiffs' "ultimate allegations" read as follows:

---

[4] Moreover, the *McIntyre* complaint included claims for both race discrimination and racial harassment. In analyzing the complaint, the court did not distinguish between the two types of claims. Instead, the court appeared to conflate the racial harassment claim with one for race discrimination. Citing *Concentra*, the *McIntyre* court noted that a plaintiff alleging employment discrimination on the basis of race may allege the defendant's intent quite generally: "I was turned down for a job because of my race' is all a complaint has to say." Id. at *7. While this analysis may be true in the discrimination context, Family Dollar respectfully submits that it falters in the harassment context because the simple allegation of "racial discrimination" is factually richer than the empty assertion of harassment. That is, the claim that "I was turned down for a job because of my race" connects a person's race to a discrete job action – being turned down for a job. As the *Concentra* court found, such an allegation may permit the defendant both to anticipate the sort of evidence that may be brought to bear and to investigate the claim. In contrast, the claim that "I was harassed because of my race" is more amorphous. Not only does such an allegation have no connection to any particularized job action but also any number of actions can be alleged to constitute "race harassment"—and not all of them are legally cognizable. *Carter v. Illinois Dep't of Corrections*, 2004 U.S. Dist. LEXIS 23681 (N.D. Ill. Sept. 24, 2004) (even if conduct alleged by plaintiff had a racial element, the incidents were too isolated and tepid to constitute actionable racial harassment); *Turner v. Micro Switch*, 2001 U.S. Dist. LEXIS 63 (N.D. Ill. Jan. 3, 2001) (coworker's unfriendliness and refusal to return greetings did not constitute racial harassment). Thus, as the Seventh Circuit noted in *Concentra*, it is rarely proper to draw analogies between complaints alleging different sorts of claims; the type of facts that must be alleged depend upon the legal contours of the claim. *Concentra*, 496 F.3d at 782.

> In the absence of any meaningful competition between the [defendants] in one another's markets, and in light of the parallel course of conduct that each engaged in to prevent competition...within their respective local...markets..., Plaintiffs allege upon information and belief that [the defendants] have entered into a contract, combination or conspiracy to prevent competitive entry in their respective...markets and have agreed not to compete with one another and otherwise allocated customers and markets to one another.

*Id.* at 1962-63.  However, in and of itself, "parallel" business conduct is lawful. *Id.* at 1963. To constitute a Sherman Act violation, such conduct must result from the existence of an agreement between businesses to act in this manner. *Id.* The plaintiffs alleged no facts in their complaint to suggest that such an agreement existed, beyond conclusory allegations about the existence of a "contract, combination, or conspiracy." *Id.* Thus, the defendants moved to dismiss the complaint, and the district court granted the motion.

The Supreme Court upheld the dismissal, finding that the complaint had failed to provide "enough facts to raise a reasonable expectation that discovery will reveal evidence" of illegal conduct. *Id.* at 1965. The Supreme Court explained:

> It makes sense to say...that an allegation of parallel conduct and a bare assertion of conspiracy will not suffice. Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality. Hence, when allegations of parallel conduct are set out in order to make a § 1 claim, they must be placed in a context that raises a suggestion of a preceding agreement, not merely parallel conduct that could just as well be independent action.

*Id.* The need for "allegations plausibly suggesting (not merely consistent with) agreement," the Supreme Court reasoned, "reflects the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft to 'show that the pleader is entitled to relief." *Id.*

These principles apply equally to the EEOC's Complaint in this case, which does nothing more than make general statements of law -- that Cotton and unidentified class allegedly were

10

subject to "harassment" and that Family Dollar failed to take "prompt remedial action" -- without providing any grounds on which these claims are based. The EEOC's claims that Family Dollar's actions are "harassing" are the very types of "naked assertions" that the Supreme Court rejected in *Twombly*. *Twombly, supra,* at 1966. Like the allegations that a "contract, combination, or conspiracy" exists, the EEOC's allegations are "wholly conclusory" statements of its claim. *See Id.* at 1968. While this may leave open the possibility that the EEOC may later discover facts to support a claim for relief, allowing its present approach to pleading "would dispense with any 'showing of a reasonably founded hope' that a plaintiff would be able to make a case." *See Id.* Thus, without some "further factual enhancement," the EEOC's allegations "get the complaint close to stating a claim...but stop short of the line between possibility and plausibility of 'entitlement to relief.'" *See Id.* at 1966. The EEOC's Complaint should therefore be dismissed.

### III.   CONCLUSION

For the reasons stated above, Family Dollar, Inc. respectfully requests that the Court dismiss the Complaint, with prejudice.

Respectfully submitted,

FAMILY DOLLAR, INC.

By:   s/Shanthi V. Gaur
  One of its Attorneys

John A. Ybarra (#06196983)
Paul E. Bateman (#06188371)
Shanthi V. Gaur (#06224996)
Asilia S. Backus (#6278016)
LITTLER MENDELSON, P.C.
200 North LaSalle Street, Suite 2900
Chicago, IL  60601
312.372.5520 (phone)/312.372. (facsimile)

Dated: January 14, 2008

## **CERTIFICATE OF SERVICE**

Shanthi V. Gaur, an attorney, hereby certifies that, on January 14, 2008, a copy of the foregoing Defendant's Memorandum in Support of its Motion to Dismiss Plaintiff's Complaint was filed electronically. Notice of filing will be sent to the following parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

Gordon G. Waldron
United States Equal Employment Opportunity Commission
500 West Madison Street
Suite 2800
Chicago, IL 60661
gordon.waldron@eeoc.gov

Gregory M. Gochanour
United States Equal Employment Opportunity Commission
500 West Madison Street
Suite 2800
Chicago, IL 60661
gregory.gochanour@eeoc.gov

John C. Hendrickson
United States Equal Employment Opportunity Commission
500 West Madison Street
Suite 2800
Chicago, IL 60661
john.hendrickson@eeoc.gov

                                                            /s/ *Shanthi V. Gaur*
                                                             Shanthi V. Gaur