**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) | **Civil Action No: 07 C 6996** |
| **Plaintiff,** | ) | |
| **v.** | ) | **Judge Der-Yeghiayan** |
| **FAMILY DOLLAR, INC.** | ) | **Magistrate Judge Schenkier** |
| **Defendant.** | ) | |

## EEOC Memorandum in Opposition to Motion to Dismiss

## Introduction

Section 703(a) (1) of Title VII, 42 U.S.C. § 2000e-2(a) (1), outlaws employment discrimination on the basis of "race, **color**, religion, sex or national origin." (Emphasis added.) The EEOC complaint in this case alleges that:

> Starting in about 2005, Defendant violated Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by subjecting Kizzie Cotton and other dark-skinned African American employees to harassment based on the color of their skin and by failing to take prompt remedial action intended to eliminate the harassment after the it became aware of the illegal behavior.
> (Par. 7.)

Defendant has filed under Federal Rule of Civil Procedure 12(b) (6) a motion to dismiss EEOC's complaint for "failure to state a claim upon which relief can be granted...." It asserts that the EEOC's complaint does not contain a "short and plain statement of the claim showing that the pleader is entitled to relief," as required by Federal Rule of Civil Procedure 8(a) (2).

This suit is based on an investigation that grew out of the Charge of Discrimination filed by Kizzie Cotton. That Charge alleges that during 2005 Kizzie Cotton worked at the Family Dollar Store located at 642 West 74th Street in

Chicago, and that she was subjected to "derogatory comments and threats" based on her color, which she identified as "dark skinned." (See Exhibit B to Defendant's Motion.) [1]

Cases involving color discrimination are subject to the same burdens of proof that apply to all other Title VII cases. *See Santiago v. Stryker Corp.*, 10 F. Supp. 2d 93, 96 (D.P.R. 1998) (following the burdens of proof in a typical Title VII discharge case and holding that the replacement of a dark skinned Puerto Rican by a light skinned Puerto Rican could establish a prima facie case of color discrimination.)[2]

**The Pleading Standard**

The Supreme Court has issued several decisions involving the pleading standard. *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99 (1957), holds that a complaint must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." In 2002, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 122 S.Ct. 992 (2002), the Supreme Court applied this standard to employment discrimination cases, explicitly rejecting a detailed or a heightened pleading standard because it would conflict with Federal Rule of Civil Procedure 8(a)(2).

*Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 1959 (2007), holds that an allegation that defendant engaged in parallel conduct does not suffice to state a

---

[1] EEOC did not attach the Charge to its Complaint. If in investigating a charge, the EEOC "turns up additional violations, the [EEOC] can add them to its suit." There is no need for the EEOC's complaint to be "closely related to the charge." *EEOC v. Caterpillar, Inc.,* 409 F.3d 831, 833 (7th Cir.2005).

[2] *See, also Walker v. Secretary of the Treasury, IRS*, 713 F. Supp. 403, 405-08 (N.D. Ga. 1989) (cause of action available for suit by light skinned Black person against a dark skinned Black person), *aff'd* 953 F.2d 650 (11th Cir. 1992); c*f. Rodriguezv. Guttuso*, 795 F. Supp. 860, 865 (N.D. Ill. 1992) (Fair Housing claim succeeded on statutory ground of "color" discrimination where light-complexioned Latino defendant refused to rent to Latino couple because husband was a dark-complexioned Latino).

claim under Section 1 of the Sherman Act. Instead, the plaintiff must also allege facts that would suggest a conspiratorial agreement. *Twombly* also holds that the complaint must give defendant fair notice of the claim and the grounds upon which it rests, and must plausibly suggest that the plaintiff has a right to relief. Id. at 1964-5. But the complaint "does not need detailed factual allegations." *Id.* at 1964.

Just two weeks later the Supreme Court decided *Erickson v. Pardus,* 127 S.Ct. 2197, 2200 (2007), which rejected a heightened pleading standard, stating "Specific facts are not necessary [for a pleading to satisfy Rule 8(a)]; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"

**Argument**

Defendant argues that EEOC's complaint should be more detailed. Its argument is unsupported by the Supreme Court cases discussed above. Its argument is more appropriate under Rule 12(e) of the Federal Rules of Civ. Pro. "Instead of lavishing attention on the complaint until the plaintiff gets it right, a district court should keep the case moving – if the claim is unclear, by requiring a more definite statement under Rule 12(e), and if the claim is clear but implausible, by inviting a motion for summary judgment." *Bennett v. Schmidt,* 153 F.3d 516, 518 (7th Cir.1998).

Defendant's argument ignores that the facts behind a pleading will be learned through the discovery process. *Swierkiewicz,* supra 534 U.S. at 512-13, 122 S.Ct. 992; Walker *v. Benjamin*, 293 F.3d 1030, 1039 (7th Cir.2002). Indeed, the EEOC typically makes available in its Initial Disclosures the notes of the EEOC investigator's interviews with the Charging Party and other witnesses. "[T]the pleading stage is not the occasion for technicalities." *Luckett v. Rent-A-Center, Inc.,* 53 F.3d 871, 873 (7th Cir.1995).

Defendant's argument is also contrary to Judge Lindberg's recent decision in *E.E.O.C. v. McIntyre Group, Ltd*., 2007 U.S. dist LEXIS 90847, N.D.Ill., 2007 (attached to Defendant's Motion.) There EEOC alleged that:

> Since at least 2004, [McIntyre] has engaged in unlawful employment practices at its facility in University Park, Illinois, in violation of ... Title VII.... These unlawful employment practices, include, but are not limited to, the following:
>
> > (a) discriminating against Hedgeman and a class of employees by subjecting them to harassment because of their race, African American; …. [other allegations followed here].

Judge Lindberg held:

> After reviewing the allegations [of the Complaint], the Court concludes that they provide McIntyre with fair notice of the EEOC's claims and the grounds upon which they rest. Id. at page 3.

He distinguished *EEOC v. Concentra Health Services., Inc.*, 496 F.3d 773 (7th Cir. 2007), because it was limited to an allegation of retaliation. In footnote 1 of the *McIntyre* decision Judge Lindberg explained that *Concentra*:

> affirmed the dismissal of a retaliation complaint that did not "specify the 'conduct in the workplace' " reported by the charging party. 496 F.3d at 781. Specifically, the amended complaint did "not specify the nature of the conduct [that the charging party] reported to [the defendant] other than to indicate that [the charging party] reasonably believed that it violated Title VII."

*Concentra* stated that the factual detail required in a pleading is **"***very minimal*." Id. at 780. It cited with approval the decision in *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998), which holds:

> Because racial discrimination in employment is "a claim upon which relief can be granted," this complaint could not be dismissed under Rule 12(b) (6). **"**I was turned down for a job because of my race" is all a complaint has to say**.**

*Concentra*, at 781.[3]

In *EEOC v. Mediterranean Partners, Inc.*, Case No. 06 C 5114 (N.D. Ill. February 13, 2007) (attached hereto as Exhibit A), Judge Nordberg denied the defendant's Rule 12(b)(6) and 12(e) motions based upon the following allegations in the Commission's complaint: "Since at least April 2004, Defendant … sexually harass[ed] [the charging parties] and a class of female employees, fail[ed] to correct the sexually hostile work environment and subject[ed] them to constructive discharge").

Defendant argues that the EEOC's complaint should identify the harasser, the facility or facilities where the harassment took place, the victims of the harassment and the nature of the harassment. We address each of these arguments in turn.

1) The harasser

Both *EEOC v. McIntyre*, and *EEOC v. Mediterranean Partners, supra*, reject the argument that the name of each harasser be identified. In this case, however, EEOC states that the harassment was committed by Tiffany Bates, who was the manager of the 47th Street Store, when Kizzie Cotton worked there.

2) The facilities.

Tiffany Bates harassed Charging Party Kizzie Cotton at the 47th Street Store. Cotton worked there from April 2005 through August 2005. There were about seven employees in addition to Bates working there in August 2005. During its investigation EEOC received from Defendant records indicating that Bates worked

---

[3] *See also*, *Scaife v. Cook County*, 446 F.3d 735, 740 (7th Cir. 2006), holding that a complaint alleging, "Between November 1999 to June, 2002 the terms and conditions of my employment were significantly different and less favorable than for white employees" is sufficient to prevail against a motion to dismiss.

at three Family Dollar stores from about April 2005 through October, 2006. In order to identify other employees who were also harassed by Bates, EEOC is entitled to learn in discovery the locations of the two other stores, and the names and identifying information of employees who worked at them. *See EEOC v. International Profit Associates, Inc.*, No. 01 C 4427 (N.D. Ill. Feb. 24, 2004) (Magistrate Denlow) (attached hereto as Exhibit C) (noting that the Court had required Defendant to provide employee lists, and allowed the EEOC to contact those employees.)

Because a plaintiff may have a right to relief without initially knowing every factual detail supporting its right, requiring the plaintiff to plead those unknown details before discovery would improperly deny the plaintiff the opportunity to prove its claim. *Am. Nurses' Ass'n v. State of Illinois*, 783 F.2d 716, 723 (7th Cir.1986); *Haroco, Inc. v. Am. Nat'l Bank & Trust Co. of Chicago*, 747 F.2d 384, 404 (7th Cir.1984), *aff'd*,473 U.S. 606, 105 S.Ct. 3291, 87 L.Ed.2d 437 (1985).

3) EEOC Need Not Plead the Identity of Each Claimant.

Defendant has cited no case specifically requiring that EEOC identify in its complaint all persons for whom it seeks relief in a class case. *EEOC v. McIntyre* specifically rejected the argument that all victims need to be identified the complaint.

Courts in this district have denied motions to dismiss complaints that defined the class in general terms. *See EEOC v. Mediterranean Partners, Inc.*, Case No. 06 C 5114 (J. Nordberg) (N.D. Ill. February 13, 2007) (attached hereto as Exhibit A) (the court denied the defendant's Rule 12(b)(6) and 12(e) motions based upon the following allegations in the Commission's complaint: "Since at least April 2004, Defendant … sexually harass[ed] [the charging parties] and a class of female employees, fail[ed] to correct the sexually hostile work environment and subject[ed] them to constructive discharge"); *EEOC v. Sears,*

*Roebuck & Co.*, Case No. 04 C 7282 (J. Anderson) (N.D. Ill., July 22, 2005) (attached hereto as Exhibit B) (the court denied the defendant's motion to dismiss a nation-wide class complaint which alleged only that the defendant "maintained an inflexible worker's [sic] compensation one year leave policy which does not provide for reasonable accommodation of employees with disabilities"). As in these cases, the Complaint here defines the class of persons for whom the Commission may seek relief, and therefore, puts Defendant on notice of the claims against it.

Indeed, Courts have allowed the Commission wide leeway to add class members throughout discovery, and even after discovery closes. *See EEOC v. International Profit Associates, Inc.*, No. 01 C 4427 (N.D. Ill. Feb. 24, 2004) (Magistrate Denlow) (attached hereto as Exhibit C) (the court allowed the Commission to add 12 victims of sexual harassment after the discovery cutoff date had passed, although not to testify at the liability phase of the bifurcated trial). [4]

During its investigation of Cotton's Charge of Discrimination, EEOC learned that Store Manager Bates harassed two other employees at the 47th Street store because of their skin color, one whose last name is unknown to EEOC. During discovery EEOC will seek to identify the latter person , and will also seek the personnel files of both employees in order to determine how long they worked

[4] Cases decided under Rule 23 do not require the identification of each person in the class. *Day v. Chek Brokerage Corp.*, 240 F.R.D. 414, 417 (N.D. Ill. 2007) ("Plaintiff need not allege the exact number or identity of class members"); *see e.g.*, *Bremiller v. Cleveland Psychiatric Institute*, 195 F.R.D. 1, 5 (N.D. Ohio 2000) (the court certified a class of "women at CPI with claims of sexual harassment and/or sex discrimination between February 4, 1993 and the date of the trial"); *Warnell v. Ford Motor Co.*, 189 F.R.D. 383, 385 (N.D. Ill. 1999) (sexual harassment case, the court certified a class of 14 named plaintiffs and approximately 850 other women on whose behalf the class sought relief, but whose identity was unknown to the defendant). EEOC is not required to obtain class certification under Rule 23 of the Federal rules of Civil Procedure. *General Telephone v. EEOC,* 446 U.S. 318, 333-34 (1980).

under Bates and the stated reason for their leaving. It will then advise the Court and Defendant whether it seeks relief for either of them.

EEOC is also entitled to discover the location of the two other stores where Bates worked, and the names and identifying information of employees who worked there with Bates. *See EEOC v. International Profit Associates, Inc.*, supra, (noting that the Court had required Defendant to provide employee lists, and allowed the EEOC to contact those employees.) EEOC will then identify by name the other class members for whom it seeks relief. (Because each store does not seem to have a large number of employees, the number of other class members is limited.)

4) <u>EEOC need not allege the nature of the harassment</u>

Both *EEOC v. McIntyre,* and *EEOC v. Mediterranean Partners, supra,* reject the argument that the nature of the harassment must alleged. Judge Lindberg in *McIntyre* approved a Complaint that alleged in part that the employer discriminated against "a class of employees by subjecting them to harassment because of their race, African American." Judge Nordberg in *Mediterranean* approved a Complaint that alleged that that the employer "sexually harass[ed] [the charging parties] and a class of female employees, fail[ed] to correct the sexually hostile work environment and subject[ed] them to constructive discharge"). No further detail is required.[5] In fact in this case, no further detail is now possible because the nature and form of Bates' harassment of dark-skinned African

---

[5] *Compare, Scott v. the City of Chicago*, 195 F.3d 950 (7th Cir. 1999), holding that plaintiff's complaint that alleged that her employer lessened her job responsibilities because of her race and age was sufficient to give notice to the employer because the employee had a distinctive position: assistant commissioner of system-wide services at the city's public library.

Americans may have varied over time, or from store to store, or from person to person.[6]

Defendant asks "who is sufficiently 'dark-skinned' as to be a class member [?]" (Page 5 of Defendant's Memorandum.) EEOC will seek relief for those employees whom Tiffany Bates harassed because of the color of their skin. In. *Walker v. Secretary of the Treasury, IRS*, 713 F. Supp. 403 (N.D. Ga. 1989), plaintiff alleged she was terminated because her supervisor, a dark-skinned black, was prejudiced against light-skinned blacks. The court held that an allegation of discrimination based on skin color stated a claim under Title VII. The court described the case as follows:

> [P]laintiff, Ms. Walker . . . is a light-skinned black person. Her supervisor was Ruby Lewis. Ms. Lewis is a dark-skinned black person. The employees in the office in which Ms. Walker and Ms. Lewis worked were predominantly black. In fact, following her termination, Ms. Walker was replaced by a black person. . . . Ms. Walker contends that Ms. Lewis singled her out for close scrutiny and reprimanded her for many things that were false or insubstantial.

Id. at 404.

**Conclusion**

For all the above reasons Defendant's Motion's should be denied. If, on the other hand, this court grants the Motion to Dismiss, it should be without prejudice to amend the Complaint. *Redfield v. Cont'l Cas. Corp.*, 818 F.2d 596, 609-10 (7th Cir.1987).

---

[6] In an individual case of harassment, more detail may be required than simply alleging that defendant made "unwelcome sexual advances." *Perkins v. Silverstein*, 939 F.2d 463, 467-68 (7th Cir.1991); *Sienko v. Village of Woodbridge*, 1996 U.S. Dist. LEXIS 9825 (N.D. Il. 1991) (copy attached to Defendant's Memorandum). But this is a case that seeks relief for a class of dark-skinned African American employees, and it is not yet possible for EEOC to identify all of the victims of the harassment, much less the nature of each incident of harassment.

Respectfully submitted,

s/ Gordon G. Waldron
Gordon G. Waldron, Bar No. 02920646
Senior Trial Attorney
Equal Employment Opportunity Commission
500 West Madison Street, Suite 2800
Chicago, Illinois 60661
(312) 353-7525

**Attached Cases**

A. *EEOC v. Mediterranean Partners, Inc.*, Case No. 06 C 5114 (N.D. Ill. February 13, 2007) (Judge Nordberg)

B. *EEOC v. Sears, Roebuck & Co.*, Case No. 04 C 7282 (N.D. Ill., July 22, 2005) (Judge Anderson)

C. *EEOC v. International Profit Associates, Inc.*, No. 01 C 4427 (N.D. Ill. Feb. 24, 2004) (Magistrate Denlow)

**CERTIFICATE OF SERVICE**

I hereby certify that on January 30, 2008, I electronically filed the attached **EEOC Memorandum in Response to Defendant's Motion to Dismiss** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

Paul E. Bateman, John Ybarra, Shanthi Gaur, Asilia S. Backus
Littler, Mendelsohn
200 North LaSalle Street, Suite 2900
Chicago, IL 60601
(312) 795 3224

s/ Gordon G. Waldron
Gordon G. Waldron, Bar No. 02920646
Senior Trial Attorney
Equal Employment Opportunity Commission
500 West Madison Street, Suite 2800
Chicago, Illinois 60661
phone: (312) 353-7525
fax: (312) 353-8555
gordon.waldron@eeoc.gov