**United States District Court, Northern District of Illinois**

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 5114 | **DATE** | 2/13/2007 |
| **CASE TITLE** | U.S. Equal Employment Opportunity Commission vs. Mediterranean Partners, Inc. | | |

# Exhibit A

**DOCKET ENTRY TEXT**

Defendant's motion for a more definite statement is denied. Defendant's motion to dismiss Vito and Marianne Moreci from Counts I through VI of Cynthia Daley's Complaint pursuant to Rule 12(b)(6) is granted. The parties are directed to appear at a status hearing at 2:30 p.m. on February 28, 2007.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

On September 21, 2006, the EEOC filed this action against defendant Mediterranean Partners, Inc, d/b/a The York Tavern. The EEOC alleged in paragraph 8 that, "[s]ince at least April 2004," the defendant has engaged in unlawful employment practices in violation of [] Title VII" and that these violations include "sexually harassing [Cynthia] Daley, [Diana] Shin, [Rachel] Forbeck, [Pamela] Quinn and a class of female employees, failing to correct the sexually hostile work environment and subjecting them to constructive discharge." This allegation in paragraph 8 is the only description of the alleged harassment. After the EEOC filed its complaint, two of the four women referred to in paragraph 8 filed motions to intervene as individual plaintiffs. On October 12, 2006, Diana Shin, represented by private counsel, filed a motion to intervene as additional plaintiff. She attached a complaint in which she alleged, among other things, that she was hired by defendant in September 2004 as a bartender in Roberto's Ristorante; that in March 2005 she was promoted to the full-time position of day bar manager at the York Tavern; that she was propositioned and subjected to sexual harassment by a managing agent of defendant; and that, as a result of her complaints and refusal to go along with these propositions, she was demoted from full-time manager and only allowed to work part-time. (Shin Cmplt. ¶¶ 2-4.) On October 18, 2006, this Court granted without objection Shin's motion to intervene. On October 31, 2006, Cynthia Daley, represented by a different private counsel than Shin, filed a motion to intervene. Daley's proposed complaint alleged that she was hired as an employee of the York Tavern in August 1994; that Vito Moceri [sic?] was an owner of the York Tavern and her immediate supervisor; that Marianna Moceri [sic?] was also an owner, and that from April 2004 through June 2005 Daley was subjected to a hostile sexual environment created by Vito who made unwelcome sexual advances, requests for sexual favors, and physical contact in a sexual or provoking manner. Cmplt. ¶¶ 4, 7-13. On November 8, 2006, this Court granted Daley's motion to intervene. On November 27, 2006, defendant filed a motion for a more definite statement pursuant to Fed. Rule Civ. Pro. 12(e) in which it argued that the EEOC's complaint fails to contains sufficient information to enable the defendant to respond to the EEOC's complaint. Two days later, on November 29, 2006, defendant filed an answer to both Daley's and Shin's individual complaints. The

## STATEMENT

defendant denied the key allegations in the complaint regarding the alleged sexual harassment. Also on November 29th, defendant filed a motion to dismiss the individual defendants Vito and Marianne Moreci from Counts I through VI of Cynthia Daley's complaint pursuant to Rule 12(b)(6).

**The motion for a more definite statement.** Defendant complains that the EEOC's complaint is too conclusory and that it merely contains the factual statement contained in paragraph 8, which we quoted above. Although recognizing that we are operating under notice pleading, defendant still believes that the complaint fails to include enough facts. Relying primarily on *Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 713 (7th Cir. 2006), the defendant argues that the complaint should include a "few tidbits," such as a date, that would allow defendant to investigate the allegations. Defendant specifically requests the following information: (i) the name of the individuals who allegedly harassed female employees; (ii) what behavior constitutes the harassment -- *i.e.* was it sexual comments, propositions, physical overtures?; (iii) the names of employees who were allegedly harassed and then discharged; and (iv) the dates of the alleged harassment and/or constructive discharge. (Def. Mot. ¶ 11.)

We are not persuaded that a more definite statement is needed. The Seventh Circuit has repeatedly emphasized that a plaintiff need not plead specific facts. *See Bennett v. Schmidt*, 153 F.3d 516, 518 (1998) (complaint is merely the "starting point" of the case and it "need not plead law or match facts to every element of a legal theory"). Although the Seventh Circuit did state in *Kolupa* that the plaintiff should include a few tidbits such as a date, the Seventh Circuit in that case was reversing the district court for granting a motion to dismiss and was further reemphasizing the point made in *Bennett* -- namely that district courts should not substitute fact pleading for notice pleading. Here, the complaint arguably fails to live up to even this lenient standard as it is true that there are very few factual details. Nevertheless, we find that granting the motion for a more definite statement is not warranted for several reasons.

First, as an initial matter, the complaint does contain one date (*i.e.* that the harassment began in April 2004). Second, defendant has not specifically asserted that it would be unable to figure out the broad factual details of what happened, and we would be surprised if the defendant could not learn much of the basic information it claims it needs. The complaint alleges that some of these employees were constructively discharged. It focuses on the York Tavern. Presumably, defendant can readily figure out from its corporate records when these four women were fired or quit. Defendant has not pointed to any practical difficulty, such as large number of employees at the York Tavern, that would make it onerous to figure out this information. Third, a motion for a more definite statement would not really advance these proceedings in that, to the extent that the EEOC's complaint fails to contain sufficient facts, it could easily just add a few more facts to meet the Seventh Circuit's fairly lenient notice pleading standards. This process would just take up more time and attorneys' fees and would most likely not lead to any significant change such as dismissal of the complaint. *See Bennett*, 153 F.3d at 518 ("Instead of lavishing attention on the complaint until the plaintiff gets it just right, a district court should keep the case moving"). Fourth, to the extent that there is vagueness or uncertainty in these allegations, the defendant can get more specific answers through discovery and can even, as the Seventh Circuit stated in *Kolupa*, file a motion for summary judgment early in the case if the allegations have no merit. *Kolupa*, 438 F.3d at 715 ("details may be explored in discovery, on motion for summary judgment, and if necessary at trial, but need not be included in complaints"). Fifth, and perhaps most importantly, the complaints filed by Shin and Daley, who are two of the four women mentioned in the EEOC's complaint, provide additional details about what happened, with more dates and more description. And the defendant has already filed an answer to these complaints. With this additional information, defendant has enough information to be able to respond to the complaint. In sum, as the Seventh Circuit has repeatedly emphasized, especially in *Bennett* and more recently in *Kolupa*, rather than trying to fine-tune the complaint by requiring additional amended complaints and further briefing and so on, it is better to just keep the case moving and invite a motion for summary judgment if appropriate.

**The motion to dismiss the individual defendants.** Defendant has also filed a motion to dismiss Vito and Marianne Moreci from Counts I through VI of intervenor Cynthia Daley's complaint. According to

## STATEMENT

Daley's complaint, Vito and Marianne Moreci are owners of the York Tavern. Defendant argues that, under both Title VII and the ADA, liability is imposed only on employers, and not their agents or owners. In its opening motion, defendant cited to several Seventh Circuit cases clearly holding as such. *See EEOC v. AIC Security Investigations, Ltd.*, 55 F.3d 1276, 1279, 1280-82 (7th Cir. 1995) (rejecting individual liability under the ADA against the sole shareholder of an employer corporation); *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995) (rejecting individual liability under Title VII). In her response brief, plaintiff Daley cites to a few cases but they are either older cases pre-dating *AIC Security* and *Williams* or from outside this Circuit. Moreover, as defendant correctly argues in its reply brief, neither case cited by plaintiff Daley is still good law. The *Vakharia* case was specifically mentioned in *AIC Security* where the Seventh Circuit concluded that there is no individual liability under the ADA. 55 F.3d at 1280, 1282. Because this Court cannot find any legal basis for holding these individuals liable under either Title VII or the ADA, the motion to dismiss them is granted.