| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 04 C 7282 | DATE | July 22, 2005 |
| CASE TITLE | EEOC v. Sears, Roebuck and Co. | | |

# Exhibit B

DOCKET ENTRY TEXT:

The Court denies defendant's motion to dismiss (# 4-1). Defendant's motion for a suggested briefing schedule (# 4-2) was granted. *See* Minute Order of January 20, 2005.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

Before the Court is defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion to dismiss is denied.

On November 10, 2004, the plaintiff, Equal Employment Opportunity Commission ("EEOC"), filed its complaint in this Court alleging that the defendant, Sears, Roebuck and Company ("Sears"), discriminated against John Bava and a class of disabled employees by failing to accommodate their disabilities, in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a). The EEOC alleges that Sears discharged Bava, "an employee with disabilities, rather than accommodating him by extending his leave or by returning him to work in an available position which he could have performed." (Compl. ¶ 8.) The EEOC further alleges that Sears discriminated against a class of disabled employees by unlawfully maintaining an inflexible worker's compensation leave policy, which provides for discharge of employment after a year instead of "reasonable accommodation of employees with disabilities." (*Id.* ¶ 12.)

In its motion to dismiss, Sears argues that the complaint fails to allege the essential elements of an ADA claim. It argues that the EEOC has failed to allege that any member of the class on whose behalf it brings this action suffered from a disability as its defined in the ADA or could perform the essential functions of the job. In particular, Sears argues the complaint does not reveal the nature or scope of Bava's alleged disabilities, nor does it allege that his disabilities fall within the scope of the ADA or substantially limit one or more of his major life activities. Sears further contends that its description of the putative class members as "employees with disabilities" is not enough to the invoke the protections of the ADA.

In ruling on a motion to dismiss, the Court must construe the allegations of a complaint in the light most favorable to the plaintiff. *Rueth v. United States Environmental Protection Agency*, 13 F.3d 227, 229 (7th Cir. 1993). A court will grant a motion to dismiss only if it is impossible for the plaintiff to prevail under any set of facts that could be proven consistent with the allegations. *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000).

STATEMENT

The Federal Rules require only notice pleading. Fed. R. Civ. P. 8(a). Rule 8(a) requires a pleading to set forth "(1) a short plain statement of the grounds upon which the court's jurisdiction depends . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief the pleader seeks." *Id.* Except in a few circumstances, the Federal Rules only require that a defendant is given notice of a plaintiff's claims and do not require the plaintiff to plead detailed facts in support of its claims. "[T]here is no requirement in federal suits of pleading the facts or the elements of a claim . . . ." *Walker v. Thomson*, 288 F.3d 1005, 1007 (7th Cir. 2002). The Supreme Court has rejected a heightened pleading requirement in employment discrimination cases, noting that a "heightened pleading standard in employment discrimination cases conflicts with Federal Rule of Civil Procedure 8(a)(2) . . . ." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

After carefully reviewing plaintiff's complaint, and in light of the above standards, we believe the EEOC has alleged a valid ADA claim. The complaint conforms with the requirements of Rule 8(a) by providing a short and plain statement of its claims. The complaint alleges that Bava has "disabilities" and alleges that Sears failed to accommodate his disabilities by returning him to a "position which he could have performed . . . ." (Compl. ¶ 8.) The allegations place Sears on notice that the EEOC considers Bava qualified to perform the essential functions of the job, with or without reasonable accommodation. The complaint also alleges Bava was discharged, which constitutes an adverse employment action. *Stockett v. Muncie Ind. Transit Sys.*, 221 F.3d 997, 1001 (7th Cir. 2000). Even if the EEOC were required to plead a prima facie case of disability discrimination, we believe these alleged facts would survive a 12(b)(6) motion.

As for the class allegations, the complaint alleges that Sears "maintained an inflexible worker's compensation one year leave policy which does not provide for reasonable accommodation of employees with disabilities." (Compl. ¶ 12.) We find that the issue of whether defendant's leave policy fails to accommodate its disabled employees is an issue upon which defendants have been given notice and is a claim for which the plaintiffs are entitled to discovery.

For the foregoing reasons, defendant's motion to dismiss (# 4-1) is denied. This case is referred to the magistrate judge for discovery. It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: July 22, 2005