## ORDER

The general procedures that govern Title VII pattern and practice lawsuits are set forth in *Int'l. Brotherhood of Teamsters v. United States*, 431 U.S. 324 (1977) and *General Telephone v. EEOC*, 446 U.S. 318 (1980). The EEOC may seek classwide relief without being certified as the class representative under Rule 23 of the Federal Rules of Civil Procedure. *General Telephone*, 446 U.S. at 320. With respect to the trial of this case, the trial shall be bifurcated and shall follow the procedures outlined in *EEOC v. Dial Corp.*, 156 F. Supp. 2d 926 (N.D. Ill. 2001) and 259 F. Supp. 2d 710 (N.D. Ill. 2003). Therefore, the trial scheduled for February 7, 2005 shall deal only with phases I (whether a pattern or practice existed and, if so, when) and II (whether any such pattern or practice was done with malice or reckless indifference, and if so, an amount, if any, of punitive damages to the class). 259 F. Supp. 2d at 712. In the event a pattern and practice of sexual harassment and sexual discrimination is found, a later trial will be conducted of phases III (compensatory damages in the individual claims); and IV (an apportionment of any punitive damages among the class members). As a result, dispositive motions to be filed by July 15, 2004 shall address only the pattern and practice and punitive damage issues in phases I and II and shall not address the issue of individual claims.

EEOC's Motion to Add Class Members is granted and Defendant's Motion to Bar Testimony of Witnesses Disclosed after Discovery Cutoff or Reopen Discovery is granted in part and denied in part. Plaintiff's complaint alleges a pattern and practice of sex harassment, sex discrimination and hostile and abusive work environment for the period from at least 1991 to the present. This Court required Defendant to produce an employee list for employees for the period 1997 through September 29, 2001. The EEOC was allowed to contact these employees as part of its investigation. Since the close of fact discovery on December 31, 2003, approximately one dozen new prospective class members seek to join this suit as members of the class. These individuals will be allowed to join the class, however, none of them will be allowed to testify in phases I and II of the trial with respect to issues for the period of 1997 through September 29, 2001. On or before March 1, 2004, the EEOC will once again confirm in writing to Defendant the identity of the new class members and will specifically identify those new class members who they intend to call at trial to establish a pattern or practice prior to 1997 or after September 29, 2001. All other new class members will be barred from testifying in phases I and II of the trial. Defendant may depose the proposed witnesses at its option on all issues so as to avoid a second deposition.

Defendant's Motion for Sanctions Against the EEOC for Deposition and Discovery Misconduct is denied for the reasons stated in open court.

Plaintiff's Motion to Compel the production of documents and further deposition of Andrew Daley is taken under advisement. A ruling shall be entered on or before March 5, 2004. Defendant shall produce to Defendant and the Court an updated privilege log and deliver withheld documents to the Court for in camera review on or before February 24, 2004.

Defendant's Motion to Approve Direct Communications for Settlement Purposes between Defendant and Claimants is granted subject to the completion of a settlement conference with this Court on March 3, 2004 at 10:00 a.m. and prior approval of the written communications and procedures by the Court.

The EEOC shall submit its updated settlement demand, including proposed form of consent decree, to Defendant on or before February 26, 2004. Defendant to submit its revised settlement offer and response to the EEOC's proposed consent decree to the EEOC on or before March 2, 2004 at Noon. Defendant shall provide the Court with copies of the revised settlement demand and offer by March 2, 2004 at Noon.

EEOC to file an amended complaint on or before March 1, 2004 and Defendant to answer on or before March 15, 2004.

**Exhibit C**

*/s/ Morton Denlow*
MORTON DENLOW
United States Magistrate Judge

Dated: February 24, 2004