**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br><br>        Plaintiff,<br><br>    v.<br><br>**FAMILY DOLLAR, INC.**<br><br>        Defendant. | Civil Action No.  07 C 6996<br><br>Judge Samuel Der-Yeghiayan<br>Magistrate Judge Sidney I. Schenkier |

**DEFENDANT'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**I.    INTRODUCTION**

In its Motion to Dismiss and supporting Memorandum, Defendant, Family Dollar, Inc. ("Family Dollar" or "the Company"), established that EEOC's Complaint must be dismissed because it (1) fails to describe the claim against Family Dollar in sufficient detail so as to give the Company fair notice of what EEOC's claim is and the grounds upon which it rests and (2) does not plausibly suggest, beyond a speculative level, that EEOC has a right to relief. *Twombly v. Bell Atlantic Corp.*, __ U.S. ___, 127 S. Ct. 1955, 1964-65 (2007).  In its Response, notwithstanding its claims regarding the sufficiency of its pleading, EEOC has disclosed certain details which are "missing" from its Complaint.[1]  Thus, EEOC has tacitly acknowledged that its Complaint, as drafted, is legally deficient.  As such, EEOC's Complaint must be dismissed, with prejudice.

---

[1]    To the extent EEOC has provided this information in order to ward off dismissal, its efforts are misplaced.  Family Dollar's motion to dismiss is based on the Complaint allegations, as they have been pled by EEOC.  Thus, while EEOC has disclosed some additional factual detail in its Response, the Court must evaluate the sufficiency of the Complaint, as drafted.  If EEOC wishes to amend its Complaint, it cannot use its Response to do so and must instead seek leave of Court.

## II. THE COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(B)(6)

### A. *Twombly* Has "Re-Tooled" The Federal Pleading Standards

As EEOC agrees, in *Twombly v. Bell Atlantic Corp.*, __ U.S. ___, 127 S. Ct. 1955 (2007, the Supreme Court clarified that a complaint must meet two criteria in order to satisfy Rule 8(a)(2) of the Federal Rules of Civil Procedure: (1) the complaint must provide sufficient detail such that the defendant has fair notice of the claim and the grounds upon which it rests; and (2) the complaint's allegations must plausibly suggest, beyond a speculative level, that the plaintiff has a right to relief. *Twombly*, 127 S. Ct. at 1964-65. The Seventh Circuit and its constituent courts have recognized that *Twombly* has "re-tooled" the federal pleading standards. *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618-19 (7th Cir. 2007); *EEOC v. McIntyre Group, Ltd.*, 2007 U.S. Dist. LEXIS 90847 (N.D. Ill. Dec. 11, 2007).[2] While *Twombly* does not impose a "heightened pleading standard"-- and, contrary to EEOC's Response, Family Dollar has not argued as such -- *Twombly* does require a complaint to contain "enough facts to state a claim that is plausible on its face." *Killingsworth*, 507 F.3d at 618-19. Thus, a complaint should be dismissed if the factual detail is so "sketchy" that it does not provide the requisite notice to the defendant. *Id.* at 619. Because EEOC's Complaint in the instant case fails to provide this necessary factual detail, it must be dismissed, with prejudice.

### B. EEOC's Complaint Does Not Satisfy *Twombly*

EEOC maintains that its Complaint need not be more detailed because (1) Family Dollar should simply use the discovery process to learn the facts behind EEOC's Complaint; and (2) Family Dollar's request for additional detail is not supported by the law. *See* EEOC Response, pp. 2-5. As set forth below, EEOC is mistaken on both counts.

---

[2] Any and all unreported cases cited herein are attached hereto as **Exhibit A**.

### 1. EEOC Is Required To Provide Basic Information About Its Claims Prior To The Discovery Process

Contrary to EEOC's position, the Seventh Circuit has long recognized that a defendant must know some quantum of information about the plaintiff's claim before discovery starts. *See EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 779, n.3 (7th Cir. 2007). Indeed, requiring a defendant to begin discovery without some basic information about the claim at issue directly contravenes the Supreme Court's guidance in *Twombly*. *Twombly*, 127 S. Ct. at 1967 ("it is not an answer to say that a claim just shy of plausible entitlement to relief can, if groundless, be weeded out early in the discovery process"). Thus, EEOC cannot defer until the discovery process its burden to plead the basic, critical factual underpinnings of its claim.

### 2. EEOC's Complaint Is Legally Deficient

The sum total of EEOC's harassment allegations is contained within a single paragraph of the Complaint, wherein EEOC broadly alleges that Family Dollar subjected Kizzie Cotton and "other dark skinned African American employees" to harassment based on the color of their skin and failed to take "prompt remedial action" to remedy the "harassment." (Complaint, ¶ 7). EEOC does not offer any other facts to elaborate upon this claim. Indeed, the details which inform EEOC's federal court Complaint have never been shared with Family Dollar because they are neither included in the Complaint nor in Cotton's EEOC Charge (which contained no class allegations). Thus, Family Dollar does not have notice of the basic facts which support EEOC's claim, such as the identity of the alleged harasser, the facility where the harassment occurred, the nature of the alleged conduct underlying the class "harassment" claim, and the contours of the amorphous "dark-skinned" class.

In light of this dearth of necessary factual detail, and following the Supreme Court's direction in *Twombly* and the Seventh Circuit's guidance in *Concentra*, Family Dollar seeks

dismissal of EEOC's Complaint. *Twombly*, 127 S. Ct. at 1964-65; *Concentra*, 496 F.3d at 782. Notwithstanding this Supreme Court and Seventh Circuit authority, EEOC claims that Family Dollar's position is inconsistent with the case law. However, as set forth below, the cases EEOC cites to support its theory are inapposite here.

        **a.**    ***EEOC v. McIntyre Group* Is Not Applicable**

EEOC claims that Family Dollar's argument is contrary to *EEOC v. McIntyre Group, LTD*, 2007 U.S. Dist. LEXIS 90847 (N.D. Ill. Dec. 11, 2007). However, EEOC overlooks the critical, distinguishing features of *McIntyre Group*, which Family Dollar reviewed at length in its Memorandum. As explained, unlike the instant case with its sole claim for "color harassment," in *McIntyre Group*, EEOC raised six separate claims for race discrimination, racial harassment and retaliation against the defendant employer. *McIntyre Group*, 2007 U.S. Dist. LEXIS 90847, at *6. Specifically, according to EEOC, McIntyre Group had violated Title VII by subjecting the class to: (1) "harassment because of their race, African-American"; (2) paying them less than similarly situated non-African American employees; (3) failing to promote qualified African American employees; (4) retaliating against an individual because he complained about race harassment and/or discrimination in the workplace; (5) retaliating against the individual and a class by terminating them because they complained about race harassment and/or discrimination in the workplace; and (6) retaliating against a class by withholding or threatening to withhold bonuses because a charge of discrimination was filed. *Id.* at *5-6. McIntyre Group moved to dismiss the entire complaint on the grounds that the EEOC had failed to provide factual allegations to support *all* of its claims of class-wide discrimination, harassment and retaliation.

In its opinion, the *McIntyre Group* court did not focus on the sufficiency of the racial harassment allegations, when viewed independently from the other claims. Rather, the court addressed the EEOC's six enumerated claims as a whole and concluded that they could

withstand dismissal because, when taken together, the allegations provided certain specific information which gave the defendant fair notice of the EEOC's claim. For example, the court noted that the complaint explicitly referenced the specific facility at which the alleged unlawful acts occurred, and based on that information, the defendant could presumably determine the identity of the alleged harassers. *See McIntyre Group*, 2007 U.S. Dist. LEXIS 90847, at * 8. The court also noted that, as illustrated through the enumerated violations of Title VII contained within the complaint, EEOC had provided detail regarding the specific unlawful acts that were committed, such as discrimination related to compensation and promotion, or retaliation in the form of terminations or the withholding of bonuses. *Id*. at * 8. Thus, the *McIntyre Group* court did *not* deem the harassment allegation *by itself* sufficient to withstand dismissal. EEOC's suggestion to the contrary in its Response is inaccurate.

Further, as explained, EEOC's complaint in the instant case lacks even the minimal details provided in *McIntyre Group*. Here, EEOC has not identified the facility/facilities at which the alleged harassment purportedly occurred, nor has it provided any factual detail as to the Company's alleged conduct other than the bald conclusion that "harassment" occurred. Thus, *McIntyre* is readily distinguishable and is not controlling here.

> **b.**　**Color Harassment Claims Must Be Distinguished From Race Discrimination Claims**

Relying on a footnote in *McIntyre Group*, EEOC also attempts to minimize the import of *EEOC v. Concentra* by noting that *Concentra* is "limited to an allegation of retaliation." *See* EEOC Response, p. 4. While *Concentra* did indeed involve a retaliation claim, Family Dollar respectfully submits that its holding -- that, to satisfy *Twombly* and Rule 8(a)(2), complaints must include "easily provided, clearly important facts" regarding the claims at issue -- has a far broader reach. *Concentra*, 496 F.3d at 782.

5

Moreover, EEOC has wholly failed to respond to Family Dollar's argument that the *McIntyre Group* court's analysis is inapplicable because, in addressing the proper pleading standard, the court did not distinguish between the claims for race discrimination and racial harassment. Instead, the court appeared to conflate the racial harassment claim with one for race discrimination. Citing *Concentra*, the *McIntyre Group* court noted that a plaintiff alleging employment discrimination on the basis of race may allege the defendant's intent quite generally: "I was turned down for a job because of my race' is all a complaint has to say." 2007 U.S. Dist. LEXIS 90847, at *7. While this analysis may be true in the discrimination context, Family Dollar respectfully submits that it falters in the harassment context because the simple allegation of "racial discrimination" is factually richer than the empty assertion of harassment. That is, the claim that "I was turned down for a job because of my race" connects a person's race to a discrete job action -- being turned down for a job. As the *Concentra* court found, such an allegation may permit the defendant both to anticipate the sort of evidence that may be brought to bear and to investigate the claim.

In contrast, the claim that EEOC is making in the instant case -- "I was harassed because of my color" -- is more amorphous. Not only does such an allegation have no connection to any particularized job action but also any number of actions can be alleged to constitute "harassment"-- and not all of them are legally cognizable. *Carter v. Illinois Dep't of Corrections*, 2004 U.S. Dist. LEXIS 23681, at *12 (N.D. Ill. Sept. 24, 2004) (even if conduct alleged by plaintiff had a racial element, the incidents were too isolated and tepid to constitute actionable racial harassment); *Turner v. Micro Switch*, 2001 U.S. Dist. LEXIS 63, at *18-19 (N.D. Ill. Jan. 3, 2001) (coworker's unfriendliness and refusal to return greetings did not constitute racial harassment). Thus, as the Seventh Circuit noted in *Concentra*, it is rarely proper

6

to draw analogies between complaints alleging different sorts of claims; the type of facts that must be alleged depend upon the legal contours of the claim. *Concentra*, 496 F.3d at 782. Because EEOC's "color harassment" claim in this case is very different from the claim to which EEOC purports to compare it -- that an individual was not hired because of his/her race -- EEOC cannot use a "one size fits all" approach to interchange the pleading requirements for the two claims.

### c.    *EEOC v. Mediterranean Partners* Is Distinguishable

EEOC also cites an unpublished Order, *EEOC v. Mediterranean Partners, Inc.*, Case No. 06 C 5114 (N.D. Ill. Feb. 13, 2007), to support the sufficiency of its Complaint allegations. However, in *Mediterranean Partners*, the defendant argued that EEOC was required to provide a more definite statement of its sexual harassment allegations under Rule 12(e) of the Federal Rules of Civil Procedure. Significantly, the defendant did *not* move to dismiss the harassment allegations under Rule 12(b)(6).[3] *Mediterranean Partners, Inc.*, Case No. 06 C 5114 at 2-3. Because Family Dollar has brought a Rule 12(b)(6) motion, the *Mediterranean Partners* analysis of Rule 12(e) is not on point here. Indeed, because the case did not involve Rule 12(b)(6), the *Mediterranean Partners* court did not address the impact of *Twombly* or *Concentra*, both of which are clearly controlling here. *Id.*

Moreover, even if the legal analysis were somehow germane to this case, *Mediterranean Partners* is factually distinguishable. Although EEOC's complaint in that case "fail[ed] to live up to even [a] lenient pleading standard" because there were very few factual details, the *Mediterranean Partners* court also pointed out that the complaint identified the date when the

---

[3]    The defendant also filed a Rule 12(b)(6) motion to dismiss two individual defendants from a plaintiff-intervenor's complaint. The *Mediterranean Partners* Order which EEOC has attached to its motion indicates that, unlike the instant case, the Rule 12(b)(6) motion was not directed to the sufficiency of the harassment allegations in general.

7

harassment began, the place where the harassment occurred, and most importantly, two of the four alleged victims of harassment as identified by the EEOC had filed their own complaints-in-intervention, which provided more dates and detail as to the alleged harassment. *Mediterranean Partners, Inc.*, Case No. 06 C 5114 at 2. In contrast, aside from the date of the alleged harassment, EEOC's Complaint in the instant case does not provide any of the "detail" which influenced the *Mediterranean Partners'* decision, such as the place the alleged harassment occurred or the names of any individuals -- other than Kizzie Cotton -- who were harassed, nor has Cotton filed a complaint-in-intervention which includes such information. As the *Mediterranean Partners* court found, it was only through these details that the defendant was provided with sufficient information regarding the lawsuit. Because EEOC has omitted these crucial facts from its Complaint in the instant case, *Mediterranean Partners* does not further the agency's position.

        **d.**        **Following *Twombly* and *Concentra*, Family Dollar Seeks Easily Provided, Clearly Important Facts Which Underlie EEOC's Allegations**

Following *Twombly* and *Concentra*, Family Dollar seeks "easily provided, clearly important" facts which underlie EEOC's Complaint allegations. *Twombly*, 127 S. Ct. at 1964-65; *Concentra*, 496 F.3d at 782. Notwithstanding its stated position regarding the sufficiency of its Complaint, and in apparent recognition of Family Dollar's arguments, EEOC attempts to supplement its Complaint allegations by providing certain of the "missing" factual details in its Response. Family Dollar will address each of these issues, in turn.

        a.        <u>EEOC Must Identify the Alleged Harasser in its Complaint</u>: EEOC states that both *McIntyre Group* and *Mediterranean Partners* reject the proposition that the harasser should be identified in the Complaint. This is untrue. The *McIntyre Group* case does not address this issue. Moreover, as explained above, *Mediterranean Partners* does not apply here because the

8

court reviewed a Rule 12(e) motion, seeking a more definite statement of the harassment allegations, not a Rule 12(b)(6) motion to dismiss those allegations in light of the absence of factual detail. Additionally, both the *McIntyre Group* complaint, and the *Mediterranean Partners* complaint and subsequent complaints-in-intervention, provided far more detail than EEOC has provided here. Based upon those details, unlike the situation in the instant case, the defendants arguably could identify the alleged harasser even though no specific name was provided in the complaint.

In any event, notwithstanding its professed confidence in the sufficiency of its Complaint, EEOC has now identified the harasser as Tiffany Bates, manager of the 47th Street store where Charging Party Kizzie Cotton worked. Family Dollar respectfully submits that this information should have been provided in EEOC's Complaint. *See Concentra*, 496 F.3d at 782 (to satisfy *Twombly* and Rule 8(a)(2), complaints must include "easily provided, clearly important facts" regarding the claims at issue.) Because EEOC's Complaint lacks this detail, it must be dismissed. *Id*.

b. <u>EEOC Must Identify The Facility Where The Harassment Allegedly Occurred In Its Complaint</u>: EEOC does not raise any objection to Family Dollar's argument that the Company is entitled to know the facility/facilities in which the agency claims that harassment occurred. Indeed, this information is provided even in the cases which EEOC cites in its Response. *See e.g.*, *McIntyre Group*, 2007 U.S. Dist LEXIS 90847, at * 8; *Mediterranean Partners*, Case No. 06 C 5114 at 2. Recognizing this fact, EEOC has identified in its Response the address of at least one facility where it contends harassment occurred. EEOC also has indicated that it is unsure whether the harassment occurred at two other stores where Bates worked and it likewise does not know the locations of these stores. *See* EEOC Response, pp. 5-

9

6. Family Dollar respectfully submits that this information was readily available to EEOC during the course of its investigation, and prior to filing its Complaint. In any event, EEOC's Complaint is deficient because it does not provide any information regarding the facility/facilities at issue. To the contrary, the Complaint broadly alleges that harassment has occurred "within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division," without reference to any specific stores, and thereby implies that the alleged violations are more widespread than it now appears based on EEOC's Response. *Compare* Complaint, ¶ 2 and EEOC Response, pp. 5-6. Thus, the Complaint must be dismissed because it omits these readily available and critical facts. *See Concentra*, 496 F.3d at 782.

  c. <u>EEOC Must Identify the Claimants In Its Complaint</u>: EEOC claims it is not required to identify all "dark-skinned" persons for whom it seeks relief. While Family Dollar recognizes that EEOC may add additional class members throughout discovery, Family Dollar respectfully submits that the relevant inquiry is not what may happen in the course of discovery, but what "easily provided, clearly important" facts EEOC can and should provide now to support its class allegations. *Concentra*, 496 F.3d at 782. Indeed, the additional detail regarding the class members is critical because, as noted in Family Dollar's Memorandum, a "dark-skinned" class is not readily identifiable. *See Harris v. Initial Security, Inc.*, 2007 U.S. Dist. LEXIS 18397, at * 11 (S.D.N.Y. Mar. 7, 2007). Moreover, it stands to reason that the viability of EEOC's claim depends on whether it is able to show that Bates is "darker-skinned" than the employees whom she harassed. Thus, without knowing who is sufficiently "dark-skinned" so as to be a class member, Family Dollar is unable to determine both the precise and objective

contours of the class, as well as whether EEOC has a plausible theory of relief. *See id.*; *Concentra*, 496 F.3d at 781.[4]

    d.    <u>EEOC Must Identify The Nature of the Harassment In Its Complaint</u>: Again citing *McIntyre Group* and *Mediterranean Partners*, EEOC maintains that it need not specify the nature of the alleged conduct underlying the class "harassment" claim. Unlike those cases, however, here, EEOC does not offer a single fact to alert Family Dollar as to the nature of the alleged conduct underlying the class harassment claim. Instead, EEOC rests upon its unsupported legal conclusions -- that Cotton and an unidentified class allegedly were subject to "harassment" and that Family Dollar failed to take "prompt remedial action" -- without providing any grounds on which these claims are based. These allegations are insufficient to withstand dismissal. *Twombly*, 127 S. Ct. at 1968 ("wholly conclusory" statements of claims and "naked assertions" are insufficient to satisfy Rule 8); *Perkins v. Silverstein*, 939 F.2d 463, 467-68 (7th Cir. 1991) (affirming dismissal of harassment claim because claim that defendant made "unwelcome sexual advances" that "affected the terms and conditions of the plaintiff's employment" was a mere recitation of statutory language that failed to provide notice of plaintiff's claim); *Sienko v. Village of Woodridge*, 1996 U.S. Dist. LEXIS 9825, at *11-12 (N.D. Ill. July 11, 1991) (dismissing sexual harassment complaint because plaintiff who generally alleged that she was subjected to "unwelcome conduct of a sexual and gender based nature," without additional supporting facts, failed to provide sufficient information to support her claim).

---

[4]     Again, EEOC's reliance on *EEOC v. Mediterranean Partners* in support of its omission of details regarding the class is misplaced because, as discussed, the defendant in that case was provided with more details than EEOC's Complaint provides to Family Dollar here. Additionally, *EEOC v. Sears, Roebuck and Co.,* No. 04 C 7282 is inapposite because it does not concern color discrimination and thus the parameters of the class are more readily identifiable because it was made up of a group deemed to be distinguishable from others by an immutable characteristic. *See Harris*, 2007 U.S. Dist. LEXIS 18397, at * 11 (distinguishing between color discrimination and race discrimination classes).

11

EEOC now attempts to reconcile its position with *Perkins* and *Sienko* by stating that *more* detail regarding the nature of the harassment is required in individual cases of harassment than in class cases. It strains logic, however, to presume that *more* information is required in an individual plaintiff case than in an arguably more complex class case with far more claimants. EEOC also suggests that it is "excused" from providing these details in this case because it has not yet identified all of the victims of harassment, much less the nature of each allegedly harassing incident. *See* EEOC Response, p. 9 n. 6. This theory, too, does not make sense. EEOC certainly possesses some information about the nature of the harassment claim -- this information presumably formed the basis of EEOC's determination that Family Dollar had allegedly subjected Cotton and other "dark skinned African American employees" to color discrimination. EEOC's failure to disclose these "easily provided, clearly important" facts which inform its federal court Complaint mandates its dismissal. *See Concentra*, 496 F.3d at 782.

### III.   CONCLUSION

EEOC's Complaint is deficient because the agency has failed to provide enough factual detail so as to enable Family Dollar (and the Court) to determine whether EEOC has a plausible theory of relief or has, on the other hand, "misconstrued the scope of Title VII." *Concentra,* 496 F.3d at 781. Therefore, the Complaint must be dismissed, with prejudice.

        Respectfully submitted,

        FAMILY DOLLAR, INC.

        By:  */s/ Shanthi V. Gaur*
            One of its Attorneys

John A. Ybarra (#06196983)
Paul E. Bateman (#06188371)
Shanthi V. Gaur (#06224996)
Asilia S. Backus (#6278016)
LITTLER MENDELSON
A Professional Corporation
200 North LaSalle Street, Suite 2900
Chicago, IL  60601
312.372.5520 (phone)
312.372.7880 (facsimile)

Dated: February 7, 2008

## CERTIFICATE OF SERVICE

Shanthi V. Gaur, an attorney, hereby certifies that, on February 7, 2008, a copy of the foregoing Defendant's Memorandum in Support of its Motion to Dismiss Plaintiff's Complaint was filed electronically. Notice of filing will be sent to the following parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

    Gordon G. Waldron, gordon.waldron@eeoc.gov
    Gregory M. Gochanour, gregory.gochanour@eeoc.gov
    John C. Hendrickson, john.hendrickson@eeoc.gov
    United States Equal Employment Opportunity Commission
    500 West Madison Street, Suite 2800
    Chicago, IL 60661

                                                                     /s/ *Shanthi V. Gaur*
                                                                        Shanthi V. Gaur