IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 07 C 6996 |
| ) | |
| ) | |
| FAMILY DOLLAR, INC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Family Dollar, Inc.'s ("Family Dollar") motion to dismiss. For the reasons stated below, we deny Family Dollar's motion to dismiss.

## BACKGROUND

The Plaintiff Equal Employment Opportunity Commission ("EEOC") alleges that an employee of Family Dollar, Kizzie Cotton ("Cotton"), filed a charge of discrimination with the EEOC and that a subsequent investigation revealed that, beginning in 2005, Family Dollar subjected "dark-skinned African American employees to harassment based on the color of their skin." (Compl. Par. 7). The

1

EEOC alleges that Family Dollar became aware of discriminatory practices by its employees and "fail[ed] to take prompt remedial action intended to eliminate the harassment." (Compl. Par. 7). This action was brought by EEOC alleging that Family Dollar engaged in unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. Family Dollar brought the instant motion to dismiss.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). In order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High Sch.*, 144 F.3d 448, 454-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly,*

127 S.Ct. 1955, 1965 (2007)). Under the current notice pleading standard in federal courts, a plaintiff need not "plead facts that, if true, establish each element of a 'cause of action. . . .'" *See Sanjuan v. Amer. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later"). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "'provide the defendant with at least minimal notice of the claim,'" *Kyle*, 144 F.3d at 455 (quoting *Jackson v. Marion County*, 66 F.3d 151, 153-54 (7th Cir. 1995)), and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claims." *Perkins*, 939 F.2d at 466-67. The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan*, 40 F.3d at 251; *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998)(stating that "[p]laintiffs need not plead facts or legal theories; it is enough to set out a claim for relief").

## DISCUSSION

Family Dollar has brought the instant motion to dismiss, arguing that the

3

complaint filed by the EEOC fails to state a claim so as to give Family Dollar fair notice of the claims against it, and fails to suggest that the EEOC has a right to relief.

The main substantive allegation in the EEOC's complaint states:

> [s]tarting in about 2005, Defendant violated Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by subjecting Kizzie Cotton and other dark-skinned African American employees to harassment based on the color of their skin and by failing to take prompt remedial action intended to eliminate the harassment after the it [sic] became aware of the illegal behavior.

(Compl. Par. 7). The EEOC's complaint also states: "[t]he effect of the [Defendant's] practices . . . has been to deprive Kizzie Cotton and other dark-skinned African American employees of equal employment opportunities and otherwise adversely affect their status as employees because of their color." (Compl. Par. 8). Family Dollar argues that even after considering these statements in the complaint, the EEOC still has not satisfied its obligations under the notice pleading standard. We disagree.

The Seventh Circuit has described the burden of a plaintiff at the motion to dismiss stage as "two easy-to-clear hurdles." *Concentra Health Services, Inc.*, 496 F.3d at 776. First, the complaint must be pled so as to "give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* (quoting in part *Twombly*, 127 S.Ct. 1955 at 1965). Second, the complaint must "plausibly suggest that the plaintiff has a right to relief." *Id.*

Family Dollar relies on the Seventh Circuit decision *E.E.O.C. v. Concentra*

4

*Health Services, Inc.*, in arguing that the EEOC has not met the two "easy-to-clear hurdles." *Id.*  In *Concentra*, the Seventh Circuit upheld the dismissal of another complaint filed by the EEOC.  *Id.* at 775.  In *Concentra*, the EEOC filed a complaint that was initially dismissed by the district court since its central allegation was that the Plaintiff was discriminated against for reporting an affair by his supervisor, a basis not covered under Title VII.  *Id.* at 775-76.  The EEOC remedied its initial complaint in *Concentra* by filing a nearly identical amended complaint that merely broadened the details of the allegations so as to obscure the fact that there was no basis for relief under Title VII.  *Id.* at 776.  It was the district court's dismissal of the amended complaint that was appealed to the Seventh Circuit.  *Id.*  The Seventh Circuit found that the amended complaint was "invoked by a government agency seeking to simply step around a more informative complaint that has been dismissed for failure to state a claim."  *Id.* at 780.

In *Concentra*, the EEOC failed to plausibly state a right to relief beyond a speculative level, since the amended complaint failed to even identify how Title VII could apply to the allegations made.  *Id.* at 781.  This omission by the EEOC was highlighted by the fact that the EEOC tipped its hand in its initial complaint to the fact that the basis of its action did not fall under Title VII.  *Id.* at 775-76.  However, the allegations in the instant action are markedly different.  In the instant action, the EEOC has alleged a pattern of discrimination by Family Dollar on the basis of color against Cotton and other employees.  (Compl. Par. 8-9).  Discrimination on the basis

5

of skin color is a recognized basis of relief under Title VII and, unlike in *Concentra*, there is nothing to suggest that the EEOC is engaging in "deliberate obfuscation" by providing vague details in order to disguise deficient legal grounds for its action. *Concentra Health Services, Inc.*, 496 F.3d at 780. While the EEOC has not provided an extended factual narrative, the allegations and factual statements in the complaint clearly put Family Dollar on notice that the instant action is based on Family Dollar's alleged discrimination on the basis of skin color against Cotton and other employees starting in 2005, all in violation of Title VII. These allegations do plausibly suggest that the EEOC has a right to relief and put Family Dollar on fair notice of the EEOC's claims.

Aside from *Concentra*, other Seventh Circuit precedent suggests that the EEOC has stated a claim in the instant action. In *Bennett v. Schmidt*, 153 F.3d 516 (7th Cir. 1998), the Seventh Circuit stated that a complaint could not be dismissed even when it merely stated "I was turned down for a job because of my race." *Id.* at 518. The Seventh Circuit reasoned, that even such a vague claim is "a claim upon which relief can be granted." *Id.* While the decision in *Bennett* preceded the Seventh Circuit's decision in *Concentra*, the Seventh Circuit decision in *Concentra* specifically acknowledged and affirmed *Bennett*, stating that the factual detail necessary to state a claim "is indeed very minimal." *Id.* at 779-80. In the instant action, the factual allegations in the EEOC's complaint are more robust and specific than the factual allegations in *Bennett* that survived a motion to dismiss. (Compl.

Par. 7-8).

Family Dollar argues that the precedent set by *Concentra* requires the EEOC to provide fuller factual detail and that the EEOC's complaint must be dismissed since the EEOC did not include details of: (1) the specific "harassing" conduct, (2) the stores that were involved, (3) the managers or employees involved, (4) the effect that this harassment had on the victims of the harassment, or (5) the identities of the alleged victims of the harassment (other than Cotton).  Family Dollar's reading of *Concentra* impermissibly broadens the notice pleading requirements beyond the actual precedent set by the Seventh Circuit.  Nowhere in *Concentra* did the Seventh Circuit obliterate the longstanding notice pleading principle that a plaintiff need not plead all of the facts necessary to support its claim.  *Higgs*, 286 F.3d at 439;  *Kyle*, 144 F.3d at 455.   Indeed, the Seventh Circuit noted in *Concentra* that "a plaintiff might sometimes have a right to relief without knowing every factual detail" and that "[m]ost details are more efficiently learned through the flexible discovery process." *Concentra Health Services, Inc.*, 496 F.3d at 780.  A plaintiff in the Seventh Circuit is only under an obligation to provide "operative facts" or facts that "outline the bases" of the claims.  *Kyle*, 144 F.3d at 454-55; *Perkins*, 939 F.2d at 466-67.  In the instant action, we find that the EEOC has satisfied each of these obligations.  Therefore, we deny Family Dollar's motion to dismiss.

## CONCLUSION

Based on the foregoing analysis, we deny Family Dollar's motion to dismiss.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: March 12, 2008