**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,**

             Plaintiff,

v.

**FAMILY DOLLAR, INC.,**

             Defendant.

No. 07C6996

Judge Samuel Der-Yeghiayan
Magistrate Judge Sidney I. Schenkier

## JOINT INITIAL STATUS REPORT

**NOW COME** the parties, by their attorneys of record, Gordon G. Waldron, Gregory M. Gochanour and John C. Hendrickson on behalf of Equal Employment Opportunity Commission ("Plaintiff"), and John A. Ybarra, Paul E. Bateman, Shanthi V. Gaur and Asilia S. Backus on behalf of Defendant, Family Dollar, Inc. ("Defendant"), and for their Joint Initial Status Report state as follows:

1.      Nature of claims and counterclaims

Plaintiff alleges that Defendant violated Title VII by subjecting Kizzie Cotton and other dark-skinned African-Americans employees to a hostile and abusive workplace because of their color. There are no counterclaims at this time.

2.      Relief sought by plaintiff

Plaintiff seeks injunctive relief, the institution of policies, practices and programs for equal employment opportunities for dark-skinned African-Americans, harassment training, pecuniary, non-pecuniary and punitive damages on behalf of Kizzie Cotton and other dark-skinned African-American employees and costs.

3.    Names of parties not served

All parties have been served.

4.    Principal legal issues

- Whether Kizzie Cotton and other dark-skinned African-American employees suffered actionable color-based harassment.

- If there was such "harassment", whether it created a hostile work environment.

- Whether there is a basis for employer liability.

- Whether Defendant exercised reasonable care to prevent and promptly correct any allegedly harassing behavior.

- Whether Kizzie Cotton and other dark-skinned African-American failed to take advantage of any preventive or corrective opportunities provided by the Defendant.

5.    Principal factual issues

- Whether Kizzie Cotton or any other dark-skinned African-American employees were subject to harassment based on their color.

- Whether Kizzie Cotton and other dark-skinned African-American employees complained about alleged color-based harassment.

- If they complained, whether Defendant took prompt remedial action to correct any alleged harassment.

6.    List of pending motions and brief summary of bases for motions

There are no pending motions.

7.    Description of discovery requested and exchanged

Discovery has not yet been initiated.

8.    Type of discovery needed

i)  Plaintiff requires discovery of:

(a) information needed to identify all employees who worked at the same stores where Tiffany Bates worked or had supervisory authority, and whose period of employment overlapped with hers; (b) information to assist EEOC in contacting such employees; (c) information in regard to their personnel records; (d) information in regard to which employees, if any, complained to Defendant about color discrimination and how Defendant responded; (e) information in regard to factors relevant to determining liability for punitive damages and assessing the amount; (f) information in regard to any affirmative defenses filed by Defendant.

ii) Defendant requires discovery on: (a) Plaintiff's claims on behalf of Kizzie Cotton and other dark-skinned African-American employees; (b) in addition to Kizzie Cotton, the identity of the dark-skinned African-American employees on whose behalf Plaintiff brings this action; (c) whether Plaintiff can satisfy its burden that Kizzie Cotton and the purported class members suffered actionable harassment and whether they complained about the harassment.  Defendant will also require discovery regarding damages.

9.    Proposed dates for: Rule 26(a)(1) disclosures, fact discovery completion, expert discovery completion (including dates for the delivery of expert reports), filing of dispositive motions, filing of a final pretrial order.

- Defendant's Answer shall be filed by March 26, 2008

- The parties propose that their Rule 26(a)(1) disclosures shall be due on or before April 2, 2008

- EEOC notes that the extent of discovery depends on the number of persons that EEOC identifies  as persons for whom it seeks relief.  Such identification depends

on EEOC's first obtaining the information listed in sub-paragraphs a) and b) of Paragraph 8 i), above. Thus, EEOC proposes that on or before May 22, 2008 EEOC shall advise Defendant of each person for whom it seeks relief. EEOC further proposes that on or before May 29, the parties shall propose dates for fact discovery completion, delivery of expert reports, expert discovery completion, filing of dispositive motions, filing of a final pretrial order. EEOC proposes setting this case for a further status call on June 2, 2008.

- Family Dollar's position is that, given the allegations in its Complaint, EEOC should already have some understanding of the identity of the persons for whom it seeks relief. In addition, EEOC has confirmed in its pleadings that the single alleged harasser was located at only a few stores; therefore, there will be a limited number of employees at issue. Thus, there is no reason why discovery cannot begin immediately, while also encompassing the scope of information EEOC seeks. Therefore, Family Dollar proposes that fact discovery shall be commenced in time for completion on or before June 30, 2008; Plaintiff shall disclose experts and serve expert reports on or before April 30, 2008; Defendant shall disclose experts and serve expert reports on or before May 31, 2008; and dispositive motions, if any, shall be filed on or before July 31, 2008.

10.    Estimation of when the case will be ready for trial

The parties estimate that this case will be ready for trial within 90 days of ruling on dispositive motions. Further, the date that the case will be ready for trial depends upon the number of persons that EEOC identifies as persons for whom it seeks relief.

11.     Probable length of trial

The probable length of trial depends upon the number of persons that EEOC identifies as persons for whom it seeks relief.  The probable length of trial will be ascertainable subsequent to the completion of fact discovery.

12.     Whether a request has been made for a jury trial

Plaintiff has requested a jury trial.

13.     Whether there have been settlement discussions and if so the outcome of those discussions.

There have been no settlement discussions after this suit was filed.

14.     Whether the parties consent to proceed before a Magistrate Judge.

The parties do not consent at this time to proceed before a Magistrate Judge.

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | FAMILY DOLLAR, INC. |
| By: */s/ Gordon G. Waldron* (with permission) | By:    */s/ Asilia S. Backus* |
| One of its attorneys | One of its attorneys |
| Gordon G. Waldron | John A. Ybarra |
| Gregory M. Gochanour | Paul E. Bateman |
| John C. Hendrickson | Shanthi V. Gaur |
| EQUAL EMPLOYMENT OPPORTUNITY | Asilia S. Backus |
| COMMISSION | LITTLER MENDELSON |
| 500 West Madison Street | A Professional Corporation |
| Suite 2800 | 200 North LaSalle Street |
| Chicago, IL 60661 | Suite 2900 |
| 312.353.7525 (phone) | Chicago, IL  60601 |
| 312.353.8555 (facsimile) | 312.372.5520 (phone) |
| | 312.372.7880 (facsimile) |
| Dated: March 14, 2008 | |
| | Dated: March 14, 2008 |

## <u>CERTIFICATE OF SERVICE</u>

Asilia S. Backus, an attorney, hereby certifies that, on March 14, 2008, a copy of the foregoing Joint Initial Status Report was filed electronically. Notice of filing will be sent to the following parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

Gordon G. Waldron
United States Equal Employment Opportunity Commission
500 West Madison Street
Suite 2800
Chicago, IL 60661

Gregory M. Gochanour
United States Equal Employment Opportunity Commission
500 West Madison Street
Suite 2800
Chicago, IL 60661

John C. Hendrickson
United States Equal Employment Opportunity Commission
500 West Madison Street
Suite 2800
Chicago, IL 60661

_/s/ Asilia S. Backus_
Asilia S. Backus