IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br><br>Plaintiff,<br><br>v.<br><br>**FAMILY DOLLAR, INC.,**<br><br>Defendant. | No. 07C6996<br><br>Judge Samuel Der-Yeghiayan<br>Magistrate Judge Sidney I. Schenkier |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

NOW COMES Defendant, Family Dollar, Inc. ("Defendant"), by and through its attorneys, and for its Answer and Affirmative Defenses to the Complaint of Plaintiff, Equal Employment Opportunity Commission ("Plaintiff"), states as follows:

### JURISDICTION AND VENUE

1.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and 706(f)(3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

**ANSWER:**   Defendant admits that Plaintiff purports to bring claims under Title VII and the Civil Rights Act of 1991.  Defendant denies that it committed any violation of Title VII or the Civil Rights Act of 1991.  Defendant admits that this Court has jurisdiction over the claims set forth in Plaintiff's Complaint.

2.   The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern, Division.

**ANSWER:** Defendant admits that venue is proper before this Court. Defendant denies that it engaged in any unlawful employment practices, and denies each and every other allegation in Paragraph 2 of Plaintiff's Complaint.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

**ANSWER:** Defendant admits the allegations in Paragraph 3 of the Complaint.

4. At all relevant times, Defendant Family Dollar, Inc. ("Family Dollar") has continuously been and is now doing business in the State of Illinois and has continuously had at least fifteen (15) employees.

**ANSWER:** Defendant admits the allegations in Paragraph 4 of the Complaint.

5. At all relevant times, Family Dollar has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e-(b), (g) and (h).

**ANSWER:** Defendant admits the allegations in Paragraph 5 of the Complaint.

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit Kizzie Cotton filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

**ANSWER:** Defendant admits that Kizzie Cotton filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant more than thirty (30) days prior to the institution of this lawsuit. Defendant denies each and every remaining allegation in Paragraph 6 of Plaintiff's Complaint.

7. Starting in about 2005, Defendant violated Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by subjecting Kizzie Cotton and other dark-skinned African American employees to harassment based on the color of their skin and by failing to take prompt remedial action intended to eliminate the harassment after the it (sic) became aware of the illegal behavior.

**ANSWER:** Defendant denies each and every allegation in Paragraph 7 of Plaintiff's Complaint.

8. The effect of the practices complained of in paragraph seven above has been to deprive Kizzie Cotton and other dark-skinned African American employees of equal employment opportunities and otherwise adversely affect their status as employees because of their color.

**ANSWER:** Defendant denies each and every allegation in Paragraph 8 of Plaintiff's Complaint.

9. The unlawful employment practices complained of in paragraph seven above were intentional.

**ANSWER:** Defendant denies each and every allegation in Paragraph 9 of Plaintiff's Complaint.

10. The unlawful employment practices complained of in paragraph seven above were done with malice or with reckless indifference to the federally protected rights of Kizzie Cotton and other dark skinned African American employees.

**ANSWER:** Defendant denies each and every allegation in Paragraph 10 of Plaintiff's Complaint.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of color;

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for dark-skinned African Americans, and which eradicate the effects of its past and present unlawful employment practices;

C. Order Defendant to make whole Kizzie Cotton and other dark skinned African American employees by providing compensation for pecuniary losses resulting from the unlawful employment practices described above;

D. Order Defendant to make whole Kizzie Cotton and other dark-skinned African American employees by providing compensation for past and future non-pecuniary losses, including emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation;

  E. Order Defendant to pay Kizzie Cotton and other dark skinned African American employees punitive damages for its malicious and/or reckless conduct described above, in amounts to be determined at trial;

  F. Order Defendant and its successors to provide training to its officers, managers and employees regarding harassment in the workplace;

  G. Grant such further relief as the Court deems necessary and proper in the public interest; and

  H. Award the Commission its costs in this action.

**ANSWER:** Plaintiff's "Prayer for Relief" is a demand for damages to which no answer is required. To the extent the Court deems an answer necessary, Defendant denies that Plaintiff is entitled to recover damages of, from or against it in any amount whatsoever, and further denies that Plaintiff is entitled to any relief in any form whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed, in whole or in part, for failure to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint must be dismissed to the extent that Plaintiff and/or Kizzie Cotton failed to exhaust necessary administrative remedies and procedural requirements prior to filing this action.

### THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff brings the present action outside the applicable statute of limitations, such claims are barred.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint must be dismissed to the extent that it contains allegations which fall outside the scope of the administrative charge of discrimination and the investigation of the charge upon which the action is based.

## FIFTH AFFIRMATIVE DEFENSE

Any and all actions taken with respect to the employment of the employees identified by Plaintiff in its Complaint, including Kizzie Cotton, or the terms and conditions thereof, were based upon legitimate, non-discriminatory and non-retaliatory business reasons and were taken without regard to the employees' color.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails because Defendant exercised reasonable care to prevent and correct promptly any discriminatory and/or harassing behavior, and the employees identified by Plaintiff in its Complaint, including Kizzie Cotton, unreasonably failed to take advantage of the preventive and corrective opportunities provided by Defendant or to otherwise avoid harm.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's Complaint seeks compensatory damages, whether pecuniary or non-pecuniary, on behalf of "Kizzie Cotton and other dark-skinned African American employees," Plaintiff is barred from recovering damages on those employees' behalf to the extent that those employees failed to mitigate their alleged damages.

## EIGHTH AFFIRMATIVE DEFENSE

Even if Plaintiff could state a claim for relief in this action, Plaintiff cannot prove actual, punitive or liquidated damages, and hence can only recover nominal damages.

### NINTH AFFIRMATIVE DEFENSE

Evidence in support of Plaintiff's case on behalf of Cotton is barred in whole or in part by the doctrine of laches, unclean hands, estoppel and related equitable principles.

### TENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's Complaint seeks relief for events that occurred more than 180 days prior to the filing of Kizzie Cotton's charge of discrimination, such relief is barred.

### ELEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff is requesting relief in the form of punitive damages, those claims fail because Defendant engaged in good faith efforts to comply with all applicable anti-discrimination laws, including Title VII, and to prevent discrimination and/or harassment in the workplace.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for compensatory and punitive damages are limited by the damages cap imposed by the Civil Rights Act of 1991.

### THIRTEENTH AFFIRMATIVE DEFENSE

An award of punitive damages will violate Defendant's rights to due process of law under the Fifth and Fourteenth Amendments to the United States Constitution because: (a) the standard for an award of punitive damages is so vague, indefinite and uncertain that it does not give Defendant adequate notice of the kind of conduct for which it may be liable for punitive damages or the extent of their possible liability; (b) the judge or jury is not provided with constitutionally adequate standards of sufficient clarity, objectivity, and uniformity for determining either the appropriate imposition of an award of punitive damages or the appropriate size of an award of punitive damages; (c) the judge or jury is not instructed in a constitutionally adequate manner on

the limits of punitive damages awards imposed by the applicable principles of punishment and deterrence; (d) the judge or jury is not expressly prohibited from awarding punitive damages, or from determining the amount of an award of punitive damages, in whole or in part, on the basis of individually discriminatory characteristics, including without limitation the residence, wealth, and corporate status of Defendant; (e) Defendant may be subjected to punishment based upon the same course of conduct in more than one action; (f) the judge or jury is permitted to award punitive damages under standards for determining liability for, and the amount of, punitive damages that are vague and arbitrary and that do not define with sufficient clarity the culpable conduct or mental state that makes an award of punitive damages permissible; and (g) an award of punitive damages is not subject to judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate standards of sufficient clarity, objectivity, and uniformity.

### FOURTEENTH AFFIRMATIVE DEFENSE

To the extent that any unlawful or other wrongful acts were committed by any person(s) employed by Defendant (which Defendant denies), such acts, if any, were outside the scope of their authority, and were neither authorized, ratified nor condoned by Defendant, nor did Defendant know or have reason to be aware of said conduct.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is barred to the extent that it seeks the admission into evidence of Defendant's net worth in determining whether punitive damages are to be awarded and/or in what amount they are to be awarded. The admission of net worth data suggests that it is appropriate to award punitive damages based upon a defendant's financial status rather than specific misconduct, and thus has the effect of treating classes of citizens

unequally in violation of the Equal Protection Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages against Defendant cannot be upheld, because any award of punitive damages under the statutes relied upon in the Complaint without bifurcating the trial of all punitive damages would violate Defendant's due process rights guaranteed by the United States Constitution.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The Constitution and laws of the United States and the laws of the State of Illinois preclude an award of punitive damages in this case.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to satisfy its legal obligation to make reasonable efforts to conciliate the present matter, including class claims, prior to bringing the instant action.

Defendant reserves the right to amend its Answer to raise any additional defenses that may become available during the discovery process, as well as the right to assert additional affirmative defenses as established by the facts of the case.

To the extent that any of the foregoing allegations in the Complaint have not been expressly admitted or denied, they are hereby denied.

WHEREFORE, Defendant, Family Dollar, Inc., respectfully prays that this Court enter judgment in its favor, that the Plaintiff, Equal Employment Opportunity Commission, take

nothing thereby, and that this Court award Defendant, Family Dollar, Inc., any and all further relief that this Court deems appropriate.

                          Respectfully submitted,

                          FAMILY DOLLAR, INC.

                          By: /s/ Asilia S. Backus
                                    One of its attorneys

John A. Ybarra
Paul E. Bateman
Shanthi V. Gaur
Asilia S. Backus
LITTLER MENDELSON
A Professional Corporation
200 North LaSalle Street
Suite 2900
Chicago, IL  60601
312.372.5520 (phone)
312.372.7880 (facsimile)

Dated: March 25, 2008

## **CERTIFICATE OF SERVICE**

      Asilia S. Backus, an attorney, hereby certifies that, on March 25, 2008, a copy of the foregoing Defendant's Answer and Affirmative Defenses to Complaint was filed electronically. Notice of filing will be sent to the following parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

    Gordon G. Waldron
    Gregory M. Gochanour
    John C. Hendrickson
    United States Equal Employment Opportunity Commission
    500 West Madison Street
    Suite 2800
    Chicago, IL 60661
    gordon.waldron@eeoc.gov
    gregory.gochanour@eeoc.gov
    john.hendrickson@eeoc.gov

                                                            */s/ Asilia S. Backus*
                                                                    Asilia S. Backus