

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | No. 07 C 6996 |
| v. | Judge Samuel Der-Yeghiayan<br>Magistrate Judge Sidney I. Schenkier |
| FAMILY DOLLAR, INC., | |
| Defendant. | |

## AGREED PROTECTIVE ORDER

This matter came before the Court pursuant to Federal Rule of Civil Procedure 26(c) for the entry of an Agreed Protective Order governing the disclosure of documents and information therein pertaining to proprietary and/or confidential matters (together referred to as "Confidential Information"). The parties have agreed to produce such documents only on the agreement that such Confidential Information will be disclosed only as provided herein. It appears to the Court that entry of this Order, as agreed to by the parties, is appropriate.

WITH THE CONSENT OF THE PARTIES, IT IS THEREFORE ORDERED THAT:

1. This Protective Order is entered pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

2. This Protective Order shall govern the following categories of information:

   (a) Payroll records referring or relating to any current or former employees of Defendant;

   (b) Personnel files and employment applications referring or relating to any current or former employees of Defendant;

-2-

(c) Employee histories referring or relating to any current or former employees of Defendant, including store location, job position, hire and termination date and salary;

(d) Contact information (including, as applicable, home address, home telephone number and cell phone number) for any current or former employees of Defendant;

(e) Hotline complaints referring or relating to any current or former employees of Defendant;

(f) Any and all documents containing confidential, proprietary and/or trade secret information relating to specifically and directly to Defendant's business, customers or operating policies and procedures, and which Defendant has maintained as confidential; and

(g) Any and all portions of depositions (audio or video) where Confidential Information is disclosed or used as exhibits.

3. The Confidential Information (as defined in paragraph 2 of this Protective Order) contained in Defendant's Answers and Responses produced in response to EEOC's written discovery shall be subject to this Protective Order without further designation.

4. To the extent that information produced or transcribed in this action, including, but not limited to, deposition testimony, interrogatory answers, tangible items, documents, copies thereof, and any extracts, abstracts, charts, summaries or notes made therefrom, contains Confidential Information (as defined in paragraph 2 of this Protective Order), the Confidential Information contained therein shall be subject to the restrictions set forth herein.

5.  In the case of documents and the information contained therein, designation of Confidential Information as defined in paragraph 2 of this Protective Order shall be made by placing the following legend on the face of the document and each page so designated: CONFIDENTIAL, or otherwise expressly identified as confidential.

The parties will use their best efforts to limit the number of documents designated Confidential.

6.  Confidential Information shall be held in confidence by each qualified recipient to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any business purpose, and shall not be disclosed to any person who is not a qualified recipient. All produced Confidential Information shall be carefully maintained so as to preclude access by persons who are not qualified recipients.

7.  Except as provided herein or as otherwise directed by this Court, Confidential Information produced by the parties and protected by this Court shall be revealed only to the following qualified recipients:

(a) Counsel of record and in-house counsel for each party, including the secretarial, clerical and paralegal staff;

(b) Deposition notaries and staff;

(c) Persons other than legal counsel who have been retained or specially employed by a party as an expert witness or consultant for purposes of this lawsuit or to perform investigative work or fact research;

(d) Deponents during the course of their depositions or potential witnesses of this case; and

(e) The parties to this litigation, their officers and professional employees.

8. No person entitled to access Confidential Information shall disclose the contents of any such materials to any other individual, except those individuals who are also permitted to access the materials protected herein, unless such individual has read and agreed to the Order of this Court. If counsel wishes to share the information with anyone else other than persons identified in paragraph 8, above, counsel must seek approval in writing from the producing party to do so. If there is a dispute over any "Confidential" designation, the parties shall follow the procedures set forth in paragraph 11 below.

9. Each counsel shall be responsible for providing notice of the Protective Order and the terms therein to persons to whom they disclose "Confidential Information," as defined by the terms of this Protective Order.

10. Persons to whom Confidential Information is shown shall be informed of the terms of this Order and advised that its breach may be punished or sanctioned as contempt of the Court. Such deponents or witnesses may be shown Confidential materials during their deposition but shall not be permitted to keep copies of said Confidential materials nor any portion of the deposition transcript reflecting the Confidential Information.

11. If either party objects to the claim that particular information falls within the type of information defined as "Confidential Information" in paragraph 2 above, that party's counsel shall inform opposing counsel in writing that the information should not be so deemed, and the parties shall attempt first to dispose of such disputes in good faith and on an informal basis. If the parties are unable to resolve their dispute, they may present a motion to the Court objecting to such Confidential status. The information shall continue to have Confidential status during the pendency of any such motion.

12. No copies of Confidential Information shall be made except by or on behalf of attorneys of record, in-house counsel or the parties in this action. Any person making copies of such information shall maintain all copies within their possession or the possession of those entitled to access to such information under this Protective Order.

13. All information produced in this action, whether deemed Confidential or not, shall be used only for purposes of this litigation except to the extent that Plaintiff may be permitted to do so under law.

14. The termination of this action shall not relieve the parties and persons obligated hereunder from their responsibility to maintain the confidentiality of information designated confidential pursuant to this Order.

15. Within 30 days after the termination of this action by entry of a final judgment (inclusive of any appeals or petitions for review), the parties may request the return of all previously furnished Confidential Information, including any copies thereof, and each person or party to whom such Confidential Information has been furnished or produced shall be obligated to return it within thirty (30) days of said request, except as Plaintiff is authorized or required by law, such as the Federal Records Act, or regulations issued by the National Archives and Records Services, to keep for a longer time.

16. By agreeing to the entry of this Protective Order, the parties hereto adopt no position as to the admissibility of documents produced subject to this Protective Order.

17. Nothing in this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of this Order.

18. Should Confidential Information become the subject matter of a pleading, motion or other court filing, either party may seek leave, upon further order of the Court and for good cause shown, to file such Confidential Information under seal.

AGREED TO BY THE PARTIES:

| BY EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | BY FAMILY DOLLAR, INC. |
|---|---|
| By: /s/ Gordon G. Waldron | By: /s/ Asilia S. Backus |
| Gordon G. Waldron | Asilia S. Backus |
| Gordon G. Waldron<br>Gregory M. Gochanour<br>John C. Hendrickson<br>Equal Employment Opportunity Commission<br>500 West Madison Street<br>Suite 2800<br>Chicago, IL 60661<br>phone: 312.353.2713<br>facsimile: 312.353.8555 | John A. Ybarra<br>Paul E. Bateman<br>Shanthi V. Gaur<br>Asilia S. Backus<br>LITTLER MENDELSON<br>A Professional Corporation<br>200 North LaSalle Street<br>Suite 2900<br>Chicago, IL 60601<br>phone: 312.372.5520<br>facsimile: 312.372.7880 |

ENTER:

Dated 5/15/08

_____
United States District Court Judge

Samuel Der-Yeghiayan