IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br><br>Plaintiff,<br><br>v.<br><br>**FAMILY DOLLAR, INC.,**<br><br>Defendant. | Civil Action No. 07 C 6996<br><br>Judge Samuel Der-Yeghiayan<br><br>Magistrate Judge Sidney I. Schenkier |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER IN REGARD TO THE DEPOSITION OF EEOC INVESTIGATOR CAROL MILAZZO**

**I.  INTRODUCTION**

Plaintiff, Equal Employment Opportunity Commission ("EEOC"), alleges that Defendant, Family Dollar, Inc. ("Family Dollar" or "the Company"), subjected Kizzie Cotton and "other dark-skinned African-American employees" to a hostile and abusive work environment because of their color, in violation of Title VII. The parties commenced discovery in March 2008. On April 2, 2008, EEOC served its Rule 26(a)(1) Initial Disclosures. In its Disclosures, EEOC identified EEOC Investigator Carol Milazzo as an individual likely to have discoverable information. EEOC further disclosed that Ms. Milazzo had interviewed various persons in regard to this case. (A copy of EEOC's Initial Disclosures is attached hereto as **Exhibit 1**). On April 16, 2008, EEOC served its Response to Family Dollar's First Set of Interrogatories. In its Response, EEOC disclosed that Ms. Milazzo assisted in answering the interrogatories and that she had communications with current or former employees or agents of Family Dollar regarding the allegations in this case. (A copy of EEOC's Response to Family Dollar's First Set of Interrogatories is attached hereto as **Exhibit 2**).

As a result, on April 18, 2008, Family Dollar notified EEOC by letter of its intentions to depose Ms. Milazzo. (A copy of Family Dollar's April 18, 2008 letter is attached hereto as **Exhibit 3**). Thereafter, EEOC and Family Dollar exchanged several letters and emails regarding Ms. Milazzo's deposition. During this exchange, EEOC initially refused to produce Ms. Milazzo for deposition, stating that she was "extremely busy" and that Family Dollar should forego the deposition and instead review her interview notes. EEOC also identified questions it would and would not allow Ms. Milazzo to answer. (A copy of EEOC's April 21, 2008 letter is attached hereto as **Exhibit 4**).

In response, Family Dollar asserted that it was entitled to depose Ms. Milazzo because (1) the deposition sought relevant factual information that is reasonably calculated to lead to the discovery of admissible evidence; (2) EEOC has no right to raise blanket assertions of privilege; and (3) EEOC's refusal to produce Ms. Milazzo was unwarranted, given that EEOC identified her as a witness in its Initial Disclosures and in its Response to Family Dollar's Interrogatories. (A copy of Family Dollar's May 12, 2008 letter is attached hereto as **Exhibit 5**). Family Dollar also offered to accommodate Ms. Milazzo's schedule in any way possible, including scheduling the deposition on a weekend or after work hours. EEOC subsequently agreed to produce Ms. Milazzo for deposition, but insisted that the deposition be limited to four hours and identified certain questions it would not allow Ms. Milazzo to answer. (A copy of EEOC's May 15, 2008 letter is attached hereto as **Exhibit 6**).[1]

Ms. Milazzo's deposition is currently noticed for July 2, 2008. On June 10, 2008, EEOC filed its Motion for a Protective Order in Regard to the Deposition of Ms. Milazzo. In its motion, EEOC requests that the Court (1) limit Family Dollar's deposition of Ms. Milazzo to

---

[1] The parties exchanged additional correspondence reiterating their positions regarding Ms. Milazzo's deposition.

four hours; and (2) bar Family Dollar from asking Ms. Milazzo: (a) to identify EEOC's policies and procedures in regard to investigating Charges of Discrimination and issuing Determinations; and (b) to identify whether Ms. Milazzo, in investigating the Cotton Charge, followed these policies or any procedures or practice in effect at the Chicago District Office of EEOC.

Both of EEOC's requests are without merit. First, EEOC's request for a four-hour time limitation on the deposition of Ms. Milazzo violates to Rule 30(d)(1) of the Federal Rules and lacks any legal basis. Second, EEOC's preemptive request to limit the questions which may be posed to Ms. Milazzo is procedurally inappropriate and inconsistent with case law and the Federal Rules. For those reasons, and as discussed in further detail below, the Court should deny EEOC's Motion for a Protective Order in its entirety.

## II.    EEOC'S MOTION FOR PROTECTIVE ORDER MUST BE DENIED

### A.    EEOC's Request To Limit Ms. Milazzo's Deposition To Four Hours Must Be Denied

EEOC's request that this Court limit the deposition of Ms. Milazzo to four hours must be denied. To support this request, EEOC contends that (1) Ms. Milazzo is too busy to give up more than four hours for a deposition; and (2) since EEOC produced its administrative file to Family Dollar, the Company already has knowledge of Ms. Milazzo's investigation and, as such, the deposition should not take more than four hours. These arguments are without merit for several reasons.

As an initial matter, Rule 30(d)(1) specifically provides that a deposition may last for one day, or seven hours in duration, and further provides that the Court "must allow additional time" if needed to "fairly examine the deponent." *See* Fed. R. Civ. P. 30(d)(1). EEOC has cited no authority which indicates that it is somehow exempt from the tenets of Rule 30(d)(1), and none exists. In fact, if the Court were to grant EEOC's request, EEOC would, in effect, be permitted

to evade the full command of the Federal Rules. This would be fundamentally unfair and unwarranted. *EEOC v. Corrections Corp. of America*, 2007 U.S. Dist. LEXIS 94951, at *2 (D. Colo. Dec. 13, 2007); *EEOC v. Airborne Express*, 1999 WL 124380, at *2 (E.D. Penn. Feb. 23, 1999) (where EEOC seeks affirmative relief as a party plaintiff, it is fundamentally unfair to allow it to evade discovery to which a private plaintiff would be subject). In accordance with Rule 30(d)(1), Family Dollar should be afforded at least seven hours to fairly examine Ms. Milazzo.

In this regard, Ms. Milazzo's busy schedule does not provide a legitimate basis to limit the length of her deposition, particularly because EEOC has repeatedly offered to accommodate Ms. Milazzo's work schedule by scheduling the deposition on a weekend or after work hours. *Corrections Corp. of America*, 2007 U.S. Dist. LEXIS 94951, at *2 ("[W]hen the Government seeks affirmative relief, it is fundamentally unfair to allow it to evade discovery of materials that a private plaintiff would have to turn over . . ."); *Airborne Express*, 1999 WL 124380, at *2 (denying EEOC's motion for a protective order and finding EEOC's "considerable hardship" to EEOC personnel argument unpersuasive since the EEOC was the party plaintiff). Indeed, all deponents – including the Company witnesses whom EEOC will probably depose – are likely to be just as busy as Ms. Milazzo, and under the Federal Rules, all of these witnesses are subject to seven-hour depositions.

Further, as EEOC acknowledges on page 3 of its Motion, "an investigator's notes may be ambiguous." Thus, Family Dollar should be afforded the full opportunity within the Federal Rules to clarify any ambiguities in Ms. Milazzo's notes regarding her investigation. Contrary to EEOC's assertion, Family Dollar is not obligated to accept the contents of Ms. Milazzo's investigative file in lieu of deposing her regarding the same, especially when matters relevant to

the claims in this case may or may not be addressed in the investigative file, or the file may be incomplete. *EEOC v. Albertson's LLC*, No. 06-cv-01273, 2007 U.S. Dist. LEXIS 32003, at *4 (D. Colo. May 1, 2007) ("[Defendant] *entitled* to conduct discovery 'regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.'...*[n]or must [the defendant] be content with the EEOC's investigative file.*") (emphasis added).[2] Indeed, during the deposition of Kizzie Cotton, on whose behalf EEOC brought this action, it became evident that Ms. Milazzo's knowledge about the claims in this case reaches far beyond the four corners of her investigative notes. Specifically, Ms. Cotton testified, under oath, that she met with Ms. Milazzo to discuss her claims prior to filing both her initial and amended charges of discrimination. (Cotton Dep. 79: 8 – 80:2; 89: 9-17; 91: 20 – 93: 12; 99: 4 – 100: 5; 112: 23 – 114: 20; 121: 2 – 122:1; 148: 15 – 149: 2; 164: 20 – 24; 274: 4-10)   (A copy of relevant excerpts from Cotton's deposition are attached hereto as **Exhibit 7**). These meetings are not captured in the notes which EEOC produced, nor are the contents of these meetings included in the EEOC charge allegations (which Ms Cotton claims to be inaccurate).

For the foregoing reasons, EEOC's request to limit Ms. Milazzo's deposition to four hours must be denied.

      **B.**    **EEOC's Attempt To Impose Advance Restrictions On The Subject Matter Of Ms. Milazzo's Deposition Must Be Denied**

As explained above, EEOC has identified Ms. Milazzo as a witness in its Initial Disclosures and in its Responses to Family Dollar's Interrogatories. Moreover, on page 2 of its

---

[2]  EEOC asserts that the *Albertson's* case was wrongly decided and is inconsistent with Seventh Circuit case law. However, EEOC does not articulate any basis for such a conclusion. Thus, it must be disregarded.

motion, EEOC admits that it "does not dispute that [Family Dollar] has the right to discover the facts learned by Milazzo in the course of her investigation of the Cotton Charge, including Milazzo's investigation of whether other employees were subject to color discrimination." To that end, Family Dollar seeks to depose Ms. Milazzo regarding relevant factual information that is reasonably calculated to lead to the discovery of admissible evidence about her investigation. *Corrections Corp. of America*, 2007 U.S. Dist. LEXIS 94951, at *2 – 4 (denying EEOC's motion for a protective order where defendant seeking information that was reasonably calculated to lead to the discovery of admissible evidence under Fed. R. Civ. P. 26(b)(1)); *Albertson's LLC*, 2007 U.S. Dist. LEXIS 32003, at *4 (defendant "entitled" to conduct discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party); *Airborne Express*, 1999 WL 124380, at *2 (denying EEOC's motion for a protective order where EEOC was a party plaintiff and the defendant made a reasonable showing that some of what it sought to discover was relevant factual information).[3]

EEOC also notes that Family Dollar cannot seek judicial review of its investigation and determination on Ms. Cotton's charge of discrimination. Family Dollar, however, has no intention of doing so.[4] Family Dollar is simply seeking to discover factual information regarding Ms. Milazzo's investigation: how it was conduced (and whether it differed from Ms. Milazzo's typical investigation procedure), who was interviewed, what was said, etc. As recognized by

---

[3] EEOC claims that Family Dollar may also seek "information regarding whether EEOC's standard policies and procedures for investigating individual charges of discrimination were followed with respect to Ms. Cotton's claim. If these policies were not followed, Family Dollar is entitled to discover what, if any, unique facts of her claim justified a departure from the typical policies and procedures." EEOC has failed to cite any authority prohibiting Family Dollar from questioning Ms. Milazzo regarding the procedures she followed during her investigation.

[4] The cases cited by EEOC are premised on EEOC's apparent misapprehension that Family Dollar seeks to re-litigate its determination, and should therefore be disregarded. Further, not one of the cases cited by EEOC address the issue of whether, in a cases where the EEOC is the plaintiff, a court should grant a protective order to prevent a defendant from asking an EEOC investigator questions regarding her investigation.

other courts, Family Dollar is entitled to ask these questions, as well as questions regarding any matter that is relevant to EEOC's claims in this case, including what documents were reviewed in the course of EEOC investigation, what documents evidence that discrimination occurred, or the identity of persons whom Ms. Milazzo believes to have knowledge about the claimed discrimination. *Albertson's LLC*, 2007 U.S. Dist. LEXIS 32003 at *4 (defendant "entitled" to conduct discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party); Fed. R. Civ. P. 26(b)(1).

Therefore, because Family Dollar seeks information relevant to this case, EEOC's motion must be denied.

### C. EEOC's Deliberative Process Privilege Argument Should be Disregarded

EEOC asserts that the government deliberative process privilege prohibits Family Dollar from inquiring into EEOC's policies and procedures in regard to investigating and issuing the determination of Ms. Cotton's Charge. Family Dollar submits, however, that EEOC's assertion of privilege at this juncture is both premature and irrelevant to the issues at hand.

It is improper for EEOC to raise blanket assertions of privilege prior to Family Dollar actually asking Ms. Milazzo a single question. *United States v. First State Bank*, 691 F.2d 332, 335 (7th Cir. 1982) (blanket assertion of privilege not allowed); *Potts v. Allis-Chalmers Corp.*, Nos. S84-189, S85-694, 1987 U.S. Dist. LEXIS 13068, at *601 (N.D. Ind. May 28, 1987) ("a blanket claim of privilege is not acceptable"); *Albertson's LLC*, 2007 U.S. Dist. LEXIS 32003, at *5 (holding that blanket assertions of privilege before any questions have been asked at a deposition are premature); *Corrections Corp. of America*, 2007 U.S. Dist. LEXIS 94951, at *3-4 (finding EEOC's blanket assertions of privilege premature). Assertions of privilege are properly

raised at a deposition as to specific questions posed.[5] Fed. R. Civ. P. 30(c)(2). As such, EEOC's pre-deposition assertions of privilege are premature. Furthermore, the deliberative process privilege is not absolute and does not cover inquiries into factual information, including information related to EEOC's charge investigation. *Scott v. Edinburg*, 101 F. Supp. 2d 1017, 1021 (N.D. Ill. 2000) ("factual information is not protected by the deliberate process privilege"); *Artfield Builders, Inc. v. Buffalo Grove*, No. 92 C 0284, 1992 U.S. Dist. LEXIS 16328, at *6 (N.D. Ill. Oct. 23, 1992) ("the privilege is inapplicable to factual or objective material outside the deliberative process"). Moreover, categories that EEOC has identified as objectionable have been held to be appropriate. *See Albertson's LLC*, 2007 U.S. Dist. LEXIS 32003, at *16-18 (denying EEOC's motion for a protective order and allowing defendant to question an EEOC witness about efforts by the EEOC to conciliate the matters alleged in the action).

In addition, the cases cited by EEOC are inapplicable. For example, EEOC cites to *Walker v. NCNB National Bank*, 810 F.Supp. 11 (D.D.C. 1993) for the proposition that the deliberate process privilege should apply. However, in *Walker*, the defendant did *not* dispute that the material sought was a product of deliberate process. *Id*. at 14. Additionally, EEOC was *not* a party to the lawsuit. *Id*. Moreover, the Court specifically pointed out that EEOC's "minimal" role and lack of "direct involvement" in the lawsuit was a factor in its decision finding that the deliberate process privilege was applicable. *Id*. In contrast, in the instant case, both parties dispute the applicability of the deliberate process privilege. Additionally, EEOC is directly involved in the litigation as the sole party-plaintiff to the lawsuit. Therefore, *Walker* is distinguishable from the case at hand. EEOC also cites *EEOC v. G.K.G.*, 131 F.R.D. 553, 556 (N.D. Ill. 1990). However, in that case, the Court specifically stated that the deliberative

---

[5] While EEOC states on page 8, footnote 6, that a protective order is appropriate under these circumstances rather than objections during a deposition, it has not cited to any case law in support of this argument and, therefore ,this argument should not be given any credence.

privilege "only covers expressions of opinion, recommendations, or consultations; *factual matter is not within the scope of the privilege*." *Id.* (emphasis added). Thus, the *G.K.G.* case supports Family Dollar's position that the deliberative process privilege does not apply here.[6]

Accordingly, EEOC's deliberative process privilege argument should be disregarded, and Family Dollar should be allowed to proceed with its deposition without predetermined limitations.

### III. CONCLUSION

For the foregoing reasons, Family Dollar respectfully requests that the Court deny EEOC's Motion for a Protective Order in Regard to the Deposition of EEOC Investigator Carol Milazzo in its entirety, and grant Family Dollar any and all appropriate relief.

> Respectfully submitted,
>
> FAMILY DOLLAR, INC.
>
> /s/ *Shanthi V. Gaur*
> One of its attorneys

John A. Ybarra
Paul E. Bateman
Shanthi V. Gaur
Asilia S. Backus
LITTLER MENDELSON, P.C.
200 North LaSalle Street, Suite 2900
Chicago, IL  60601
312.372.5520

Dated: June 16, 2008

---

[6] Similarly, the remaining cases cited by EEOC are distinguishable and should not be given any credence. In *EEOC v. Continental Airlines*, 395 F. Supp. 2d 738, 741-42 (N.D. Ill. 2005), the defendant filed a motion to compel EEOC's Investigative Memorandum. Here, Family Dollar has not filed a motion to compel, and it is not seeking information concerning the mental impressions or thought processes of Ms. Milazzo. Thus, this case is inapplicable and should be disregarded. In *EEOC v. Sears, Roebuck & Co.*, 111 F.R.D. 385 (N.D. Ill. 1986), the defendant sought certain allegedly privileged documents. Here, Family Dollar is not requesting such documents. Thus, this case is likewise inapplicable and should be disregarded.

## **CERTIFICATE OF SERVICE**

Shanthi V. Gaur, an attorney, hereby certifies that, June 16, 2008, a copy of the foregoing Defendant's Response in Opposition to Plaintiff's Motion for a Protective Order in Regard to the Deposition of EEOC Investigator Carol Milazzo was filed electronically.  Notice of filing will be sent to the following parties by operation of the Court's electronic filing system.  The parties may access this filing through the Court's system.

> Gordon G. Waldron
> United States Equal Employment Opportunity Commission
> 500 West Madison Street
> Suite 2800
> Chicago, IL 60661
> gordon.waldron@eeoc.gov
>
> Gregory M. Gochanour
> United States Equal Employment Opportunity Commission
> 500 West Madison Street
> Suite 2800
> Chicago, IL 60661
> gregory.gochanour@eeoc.gov
>
> John C. Hendrickson
> United States Equal Employment Opportunity Commission
> 500 West Madison Street
> Suite 2800
> Chicago, IL 60661
> john.hendrickson@eeoc.gov

*/s/ Shanthi V. Gaur*
Shanthi V. Gaur