# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) | |
| Plaintiff, | ) ) | Civil Action No: 07 C 6996 |
| v. | ) ) | Judge Der-Yeghiayan |
| FAMILY DOLLAR, INC. | ) ) | Magistrate Judge Schenkier |
| Defendant. | ) ) ) | |

**Rule 26(a)(1) Disclosures of Equal Employment Opportunity Commission**

    *(A) The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.*

    The EEOC seeks relief for Charging Party Kizzie Cotton. She has knowledge of her harassment, her complaints about it and Defendant's lack of response thereto. She may be contacted through EEOC attorney Gordon Waldron.

    EEOC may identify in the future additional persons on whose behalf it seeks relief.

    EEOC investigator Carol Milazzo has interviewed various persons in regard to this case. Her notes of her interviews are in the EEOC Administrative file on the Charge of Discrimination filed by Cotton against Family Dollar, Inc., Number 440-2006-02986. She may be contacted through EEOC Attorney Gordon Waldron.

    *(B) A copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.*

    The non-privileged documents in the EEOC's Administrative file of the Charge of Discrimination filed by Kizzie Cotton will be made available for copying to a copy service of your choice and at your expense.

    *(C) A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.*



      EEOC seeks compensatory damages for Kizzie Cotton to compensate her for the pain and humiliation caused by the color harassment, in the amount awarded by the jury. Kizzie Cotton did not seek psychological counseling or medical treatment as a result of the harassment EEOC does not seek compensation for any medically diagnosed mental or physical conditions.

      EEOC also seeks punitive damages for Kizzie Cotton, in the amount awarded by the jury.[1]

      EEOC may identify in the future additional persons on whose behalf it seeks relief. Investigation continues.

      *(D) For inspection and copying under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.*

      None.

Respectfully submitted,

*Gordon Waldron*      April 2, 2008
Gordon Waldron
Senior Trial Attorney
Equal Employment Opportunity Commission
500 West Madison #2800
Chicago, Il 60601
(312) 353-7525

---

[1] EEOC recognizes that under Title VII, the damage cap is $200,000 for employers with more than 200 employees.

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2008 I caused to be mailed via First class mail the attached **Rule 26(a)(1) Disclosures** to:

John Ybarra
Paul Bateman
Shanthi Gaur
Asilia Backus
Littler, Mendelson, P.C.
200 North LaSalle Street, Suite 2900
Chicago, IL 60601

_____
Gordon Waldron