# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>FAMILY DOLLAR, INC.,<br><br>Defendant. | No. 07 C 6996<br><br>Judge Samuel Der-Yeghiayan<br>Magistrate Judge Sidney I. Schenkier |

### EEOC RESPONSE TO DEFENDANT'S FIRST SET OF INTERROGATORIES

Plaintiff, Equal Opportunity Employment Commission ("EEOC"), hereby responds to Defendant's First Set of Interrogatories.

### GENERAL OBJECTIONS

To the extent that these interrogatories ask for the identification of privileged documents, the EEOC incorporates its objections to Defendant's Document Request.

### I. RESPONSES

**INTERROGATORY NO. 1:** State the name, address and telephone number of each person providing information for the answers to these interrogatories, and for which interrogatory or interrogatories each person provided information for the answer(s).

**ANSWER:**

Charging Party Kizzie Cotton. She may be reached through EEOC counsel. Interrogatories 1-7, 9, 12, 13, 15-19.

Camille Keller, 7342 South Shore Drive, Chicago, IL 60649, (773) 978-6290. Interrogatory 15.

As to Interrogatory No, 8 (communications between EEOC and Family Dollar), Carol Millazo. She may be reached through EEOC counsel.

**INTERROGATORY NO. 2:** Identify each and every person who has or claims to


received 4-17-08

have knowledge or information relating to and/or supporting the allegation in Paragraph 7 of the Complaint that "[s]tarting in about 2005, Defendant violated Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by subjecting Kizzie Cotton and other dark-skinned African American employees to harassment based on the color of their skin," and for each such person state their name, address and phone number, describe the knowledge or information that each person has or is believed to have, and identify each and every document which supports such knowledge or information.

**ANSWER:**

1. Charging Party Kizzie Cotton. She can be reached through EEOC counsel.
3. Camille Keller. See address above.

The knowledge that each has is reflected in the non-privileged documents in the EEOC's Administrative File on the Charge of Discrimination filed by Kizzie Cotton.

See also answer to Interrogatory No. 15.

**INTERROGATORY NO. 3:** With regard to the allegation contained in Paragraph 8 of the Complaint that the "effect" of the practices alleged in Paragraph 7 of the Complaint "has been to deprive Kizzie Cotton and other dark-skinned African American employees of equal employment opportunities and otherwise adversely affect their status as employees because of their color," state the name, address and phone number of each such person who has or claims to have knowledge or information relating to and/or supporting said allegation, describe the knowledge or information that each person has or is believed to have, and identify each and every document which supports such knowledge or information.

**ANSWER:**

See Answer to Interrogatory No. 2.

**INTERROGATORY NO. 4:** Identify each and every person who has or claims to have knowledge or information relating to and/or supporting the EEOC's contention that the alleged "unlawful employment actions" contained in Paragraph 7 of the Complaint "were intentional" and "were done with malice or reckless indifference to the federally protected rights of Kizzie Cotton," as alleged in Paragraphs 9-10 of the Complaint, and for each such person state their name, address and phone number, describe the knowledge or information that each person has or is believed to have, and identify each and every document which supports such knowledge or information.

**ANSWER:**
See Answer to Interrogatory No. 2.

**INTERROGATORY NO. 5:** With regard to the allegation contained in Paragraph 7 of the Complaint that Family Dollar violated Title VII by "failing to take prompt remedial action intended to eliminate the harassment after [] it became aware of the illegal behavior,"

2

identify each and every person who has or claims to have knowledge or information relating to and/or supporting said allegation, and for each such person state their name, address and phone number, describe the knowledge or information that each person has or is believed to have, and identify each and every document which supports such knowledge or information.

**ANSWER:**

Charging Party Kizzie Cotton. She can be reached through EEOC counsel. Her knowledge is reflected in the non-privileged documents in the EEOC's Administrative File on the Charge of Discrimination filed by Kizzie Cotton.

See also answer to Interrogatory No. 16.

**INTERROGATORY NO. 6:** Identify any other individuals whom the EEOC believes to have knowledge or information concerning any of the allegations contained in any of the paragraphs of the Complaint, and for each such individual state their name, address and phone number, identify for which allegation and/or Complaint paragraph each individual is believed to have knowledge or information, describe the knowledge or information the individual is believed to have, and identify each and every document which supports such knowledge or information.

**ANSWER:**

Jasmine Matthews, Jessica Dixon and Ruby Patterson have knowledge of the skin color of various employees at the store at 642 West 47th Street, Chicago, Illinois. Their knowledge is reflected in the non-privileged documents in the EEOC's Administrative File on the Charge of Discrimination filed by Kizzie Cotton.

See Answer to Interrogatory No. 15.

**INTERROGATORY NO. 7:** Identify each and every element of damages, of any kind whatsoever, which the EEOC claims on behalf of Kizzie Cotton and other dark-skinned African American employees as a result of the conduct alleged in the Complaint, including, but no limited to, an identification of the dollar amount of any loss claimed, a detailed description of the manner by which the EEOC calculated this amount and the identity of each and every document that relates in any way to the calculation of this amount.

**ANSWER:**

See EEOC Initial Disclosures.

**INTERROGATORY NO. 8:** Identify any communications (either verbal or written) that the EEOC or a representative of the EEOC has had with any of Family Dollar's current or former employees or agents regarding any of the allegations which are at issue in this matter. In so doing, identify the name, address and phone number of the current or former employee or agent, specify the date and time of each and every communication, and identify

3

each and every document which relates to each communication.

**ANSWER:**

See the non-privileged documents in the EEOC Administrative File on the Charge of Discrimination filed by Kizzie Cotton against Family Dollar, Inc.

**INTERROGATORY NO. 9:** State whether any statement, written or otherwise, was obtained from anyone who was interviewed or questioned by the EEOC, or on behalf of the EEOC or Kizzie Cotton and other dark-skinned African American employees, in connection with the allegations in this matter and/or any of the facts on which the EEOC bases its claims in this matter, and for each such statement, identify the person giving such statement, the date upon which the statement was obtained, and all persons who have custody thereof.

**ANSWER:**

See the non-privileged documents in the EEOC Administrative File on the Charge of Discrimination filed by Kizzie Cotton against Family Dollar, Inc.

**INTERROGATORY 10:** Identify all items the EEOC may offer as evidence at the trial of this matter, and identify the name, address and phone number of each person the EEOC may call as a lay witness at the trial of this matter and summarize the facts of which each witness has knowledge.

**ANSWER:**

EEOC objects that this Interrogatory is premature and inconsistent with the Federal Rules of Civil Procedure. Responding at this time would be burdensome. Investigation continues.

**INTERROGATORY 11:** Identify each and every dark-skinned African American person, other than Kizzie Cotton, on whose behalf the EEOC filed this lawsuit. (*See, e.g.,* Complaint ¶¶ 7-8, 10). For each person so identified, please state their name, address and telephone number.

**ANSWER:**

Investigation continues.

**INTERROGATORY 12:** Identify each and every person that the EEOC alleges violated Title VII "by subjecting Kizzie Cotton and other dark-skinned African American employees to harassment based on the color of their skin," as alleged in Paragraph 7 of the Complaint.

**ANSWER:**

Tiffany Bates. See also response to Interrogatory No. 15.

Investigation continues because other employees may have joined Bates in color harassment at the stores where Bates worked.

**INTERROGATORY 13:** Identify each and every person that the EEOC alleges violated Title VII "by failing to take prompt remedial action intended to eliminate the harassment after [] it became aware of the illegal behavior," as alleged in Paragraph 7 of the Complaint.

**ANSWER:**

Tiffany Bates
Larry Grainger District Manager
General Manager Himmons

**INTERROGATORY 14:** Identify each and every person whom the EEOC has retained and/or expects to call as an expert witness at the trial of this matter, and state: the expert's name and address; profession; professional and/or educational background; area(s) of expertise; papers or articles which the person has authored, co-authored or contributed to; the subject matter on which the expert is expected to testify; and a summary of the basis for each opinion.

**ANSWER:**

EEOC objects to the Interrogatory to the extent that it requires disclosure of information in regard to non-testifying experts. Without waiving that objections, EEOC states that its has not hired an expert at this time.

**INTERROGATORY 15:** Describe each and every act of harassment (verbal, physical or otherwise) allegedly committed by the person(s) identified in the answer to Interrogatory No. 11, including, but not limited to, the nature of the alleged harassment, the date and place of the alleged harassment and any and all witnesses to the alleged harassment.

**ANSWER 15:**

Harassment of Kizzie Cotton

Kizzie Cotton is a dark-skinned African American. She was one of the darkest African American employees at the Family Dollar Store located at 642 West 47th Street in Chicago, when she worked there from April to August 2005.

When Kizzie Cotton worked at the 47th street store, the Store Manager, Tiffany Bates, was the lightest skin-colored African-American employee at the store.

Bates repeatedly refused to allow Cotton to take bathroom breaks, even though other employees could have temporarily filled in for Cotton as cashier. When Cotton needed a

5

restroom break as a cashier, she had to ask Bates to fill in for her or direct a clerk to fill in for her. There were usually 1 or 2 clerks in the public part of store and 1 or 2 employees stocking in the back room on any given shift. In denying Cotton bathroom breaks, Bates frequently laughed.

Bates began to make comments about Cotton's color on the first day the store opened. (Cotton had worked with other persons, but not Bates, for about two or three weeks setting up the 47th street store before it opened.) On opening day Bates said to Cotton "You're so black." Later Bates called Cotton "Choco" and "Blackie."

Bates repeatedly called Cotton by those terms, sometimes in the presence of other employees, including Anthony Boyd, Jessica Dixon, Jasmine Matthews, and Deante McNeil. Sometimes Jessica Dixon and Deante McNeil would follow Bates' lead and call Cotton "Choco."

Although Bates had nick-names for other employees at the 47th Street Store, none were based on their skin color when Cotton worked there.

On about July 4, 2005 Bates remarked on the appearance of Cotton's gums. She said she did not like dark-skinned people because their gums are dark and their gums looked like charcoal. Bates said Cotton looked as "black as charcoal" and told her to look in the mirror.

Bates repeatedly called Cotton "charcoal" or "Choco" until Cotton quit on August 6, 2005.

### Harassment of Camille Keller

Camille Keller is a dark skinned African American. She used to work as a clerk, at the 47th street store. Bates referred to her as "Blackie" and talked down to her and treated the lighter skinned employees better.

### Clifton

Camille Keller has stated that during her tenure another employee was dark skinned. His first name is Clifton. Keller believes that Bates terminated him.

Investigation continues as to whether other employees were subjected to color harassment by Tiffany Bates.

### Lighter skinned employees

At least two light skinned clerks, Jasmine Matthews and Jessica Dixon, experienced no color discrimination.

**INTERROGATORY 16:** Identify each and every employee or agent of Family Dollar to whom Kizzie Cotton and each and every person identified in the answer to Interrogatory No. 11 complained to about the harassment alleged in the Complaint, including,

but not limited to, the date and place of the alleged complaint(s), any and all witnesses to the alleged complaint(s) and the results of the complaint(s).

**ANSWER:**

Cotton complained by telephone of color harassment to General Manager Himmons on about July 4, 2005. He later came to the store on July 9, 2005 to interview Cotton and Bates. Cotton told him then that she wanted to transfer to another store because of the harassment. He replied that she would not receive a transfer unless Bates approved it.

Cotton complained about Bates' calling her "charcoal" or "Choco" to Larry Grainger, District Manager by phone later in July, 2005.

She also telephoned the managers of several other Family Dollar Stores listed in the yellow pages and told them about Bates' conduct at the 47th street store and asked them if she could transfer to their store. Those managers included:

1) Bruce, the manager at 63rd and Western in Chicago,
2) Rhonda, the manager of a store near 63rd and Rhodes or Vernon Streets in Chicago.
3) the manager of a store at about at 87th Street or Place in Chicago.
4) the manager of a store at 6308 S. Ashland

About a day after she spoke with the manager at 63rd and Western, Bates called Cotton a "Choco bitch," and told her that she could not transfer to another store without Bates' permission.

She also called the number of a facility on Milwaukee Avenue. A woman there told her it was the corporate training center. She also called a number for a facility at 2700 West Division.

Investigation continues as to other possible claimants.

**INTERROGATORY NO. 17:** Does Plaintiff contend that Kizzie Cotton or any individual identified in response to Interrogatory No. 11 have received treatment (including, but not limited to, prescription drug care treatment), or otherwise consulted with, any doctor, psychologist, psychiatrist, or other health care provider since the date on which they began their employment with Defendant? If the answer is in the affirmative, state the name and address of each health care provider who rendered such treatments or with whom they have consulted; the date(s) upon which the they were treated by and/or consulted with each health care provider identified; the results of any examination performed by each health care provider identified; the diagnosis, if any, made by the health care provider; and the course of treatment, if any, prescribed to them by each health care provider. If Plaintiff's answer is in the affirmative, please provide a fully executed authorization on behalf of said individuals, consenting to the release of information to Defendant's attorneys in the form attached as Exhibit A.

**ANSWER:**

7

EEOC does not so contend as to Kizzie Cotton.

EEOC may identify in the future additional persons on whose behalf it seeks relief. Investigation continues

**INTERROGATORY NO. 18**: Was Cotton or any individual identified in response to Interrogatory No. 11 hospitalized, confined, incapacitated or otherwise unable to work during all or any part of the time from the beginning of their employment with Defendant through and including the date of these answers? If Plaintiff's answer is in the affirmative, please state the date of any hospitalization, confinement, incapacitation and/or inability to work, the reason for such hospitalization, confinement, incapacitation and/or inability to work, the names of any hospitals or other institutions to which they were admitted, with relevant dates, and the names of all treating physicians and the conditions of which they provided treatment.

**ANSWER**:

EEOC objects to this interrogatory as irrelevant unless the EEOC seeks back pay on a claimant's behalf (in which case information after separation from Defendant could be relevant), or unless EEOC claims that the harassment caused a particular claimant to suffer a period of inability to work.

EEOC also objects that information as to hospitalization or medical condition is an invasion of personal privacy and will not lead to the discovery of admissible evidence.

Without waiving these objections, EEOC states that Kizzie Cotton was hospitalized for about a day about June, 2005 because of Strep throat.

**INTERROGATORY NO. 19**: Did Cotton or any individual identified in response to Interrogatory No. 11 ever complain, inform, or raise with any doctor, psychologist, psychiatrist, therapist, counselor, or other health care provider any event or occurrence that allegedly caused them psychological or emotional distress or harm? If Plaintiff's answer is in the affirmative, state the dates of such events or occurrences, the name and address of each health care provider with whom they raised such events or occurrences, the dates upon which they raised such events or occurrences, and the course of treatment, if any, prescribed to them by each health care provider as a result of such events or occurrences. If Plaintiff's answer is in the affirmative, please provide a fully executed authorization consenting to the release of information to Defendant's attorneys in the form attached as Exhibit A.

**ANSWER**:

EEOC objects to the Interrogatory as overbroad and irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. It is not limited to claimants who in fact sought health care services as a result of their harassment in this case.

Without waiving that objections, EEOC states that Kizzie Cotton did not contact any health care provider in regard to the harassment she suffered in this case.

Investigation continues as to other possible class members.

EEOC also objects to Exhibit A as not authorized by the Federal rules of civil procedure, over broad, burdensome and an invasion of privacy.

Respectfully submitted,

*Gordon Waldron*

Gordon Waldron
Senior Trial Attorney
Equal Employment Opportunity Commission
500 West Madison Street, Suite 2800
Chicago, Illinois 60661
(312) 353-7525

## CERTIFICATE OF SERVICE

Gordon Waldron, an attorney, hereby certifies that, on April 16, 2008, a copy of the foregoing EEOC Answer to Defendant's First Set of Interrogatories s sent by U.S. mail, proper postage prepaid to the following attorneys of record:

John A. Ybarra
Paul E. Bateman
Shanthi V. Gaur
Asilia S. Backus
LITTLER MENDELSON
A Professional Corporation
200 North LaSalle Street
Suite 2900
Chicago, IL 60601
312.372.5520 (phone)
312.372.7880 (facsimile)

_____
Gordon G. Waldron