# EXHIBIT 4

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Chicago District Office
500 West Madison Street, Suite 2800
Chicago, IL, 60661
TDD: (312) 353-2421
Legal Fax: (312) 353-8555

April 21, 2008

Shanthi Gaur
Littler, Mendelson, P.C.
200 North LaSalle Street, Suite 2900
Chicago, IL 60601

Re: EEOC v. Family Dollar Inc., Northern District, IL, No. 07 CV 6996

Dear Counsel:

This letter responds to your request to depose EEOC investigator Carol Milazzo.

In response to your first interrogatory asking who provided information for the answers to various interrogatories, we stated that Carol Milazzo had information in regard to our response Interrogatory No, 8 which asked EEOC to identify any communications that the EEOC has had with any of Family Dollar's current or former employees or agents regarding any of the allegations which are at issue in this matter.

You are entitled to find out what the Charging Party, Respondent personnel and witnesses have told Milazzo in response to her inquiries in investigating this case. Because that knowledge is recorded in her interview notes, copies of which you now have, and because EEOC investigators are extremely busy, and should spend as much of their time as possible in investigating and resolving charges of discrimination, we suggest the following less time-consuming alternative to the deposition:

If Milazzo's interview notes are in any way ambiguous, please advise us of the ambiguities, and we can ask her to clarify them to the best of her ability. Similarly if you want to know if Millazo has any independent recollections of

1

witness interviews not contained in her notes, we can ask her that. We can ask that she sign an affidavit with her answers to the questions.

As you know, courts have regularly held that employers may not inquire into the EEOC's deliberative processes or question the basis of an EEOC Determination on a Charge. As a result, if you were to depose Milazzo, we would object to questions asking her about her mental process, her evaluation of the strengths and weaknesses of various claims, and her communications in regard to those matters with other EEOC staff. We would also object to any question that might reveal an attorney-client communication.

---

Finally, please also advise when we may receive Defendant's Rule 26 disclosures. On Tuesday April 8 you advised me that you would try to send them by the end of the week.

Sincerely,

Gordon Waldron
Senior Trial Attorney

2