# EXHIBIT 5



## LITTLER MENDELSON®
### A PROFESSIONAL CORPORATION

ALABAMA

ARIZONA

ARKANSAS

CALIFORNIA

COLORADO

CONNECTICUT

DISTRICT OF COLUMBIA

FLORIDA

GEORGIA

ILLINOIS

INDIANA

MASSACHUSETTS

MINNESOTA

MISSOURI

NEVADA

NEW JERSEY

NEW YORK

NORTH CAROLINA

OHIO

PENNSYLVANIA

RHODE ISLAND

SOUTH CAROLINA

TEXAS

VIRGINIA

WASHINGTON

May 12, 2008

Shanthi V. Gaur
Direct: 312.795.3210
Direct Fax: 312.372.7880
sgaur@littler.com

**VIA FACSIMILE 312.353.8555**

Mr. Gordon Waldron
U.S. Equal Employment Opportunity Commission
500 West Madison Street, Suite 2800
Chicago, IL 60661

Re: **EEOC v. Family Dollar**
    **Court No. 07 C 6996**

Dear Gordon:

I am writing in response to your April 15th and April 21st letters in which you object to our requests for (1) the 30(b)(6) Deposition of EEOC's designee, and (2) the deposition of EEOC Investigator Carol Milazzo. EEOC has asserted identical objections to proceeding with both of these depositions; namely, that all relevant information can be found in the EEOC's Administrative File, and that EEOC personnel are simply too busy to be deposed. Respectfully, we believe that these objections are unfounded.

As we have explained, both of the requested depositions seek relevant factual information that is reasonably calculated to lead to the discovery of admissible evidence. Therefore, Family Dollar is entitled to proceed with the depositions. *EEOC v. Corrections Corp. of America*, 2007 U.S. Dist. LEXIS 94951, at *2 (D. Colo. Dec. 13, 2007); *EEOC v. Albertson's LLC*, No. 06-cv-01273, 2007 U.S. Dist. LEXIS 32003, at *1 (D.Colo. May 1, 2007); *EEOC v. Airborne Express*, 1999 WL 124380, at *2 (E.D. Penn. Feb. 23, 1999).

EEOC has not cited any authority to support the suggestion that EEOC is somehow exempt from producing its personnel for depositions. In fact, courts have uniformly held that where, as is true here, EEOC seeks affirmative relief as a party plaintiff, it is fundamentally unfair to allow it to evade discovery to which a private plaintiff would be subject. *Corrections Corp. of America*, 2007 U.S. Dist. LEXIS 94951, at *2, citing, *EEOC v. Citizens Bank & Trust Co.*, 117 F.R.D. 366 (D. Md. 1987); *Airborne Express*, 1999 WL 124380 at *2.

EEOC's refusal to produce Investigator Carol Milazzo is especially puzzling, given that EEOC has listed her as a witness in its Initial Disclosures and in its Responses to Family Dollar's Interrogatories. EEOC cannot seek to rely on Ms. Milazzo as a witness while at the same time barring Family Dollar from exploring the extent of her knowledge about this case. *See* Fed. R. Civ. P. 26(b)(1). Nor must Family Dollar accept the contents of EEOC's investigative file in lieu of Ms. Milazzo's deposition. *Albertson's LLC*, 2007 U.S. Dist. LEXIS 32003 at *3. Rather, Family Dollar is entitled to ask additional questions regarding

Mr. Gordon Waldron
May 12, 2008
Page 2

any matter that is relevant to EEOC's claims in this case, including what documents were reviewed in the course of the EEOC investigation, what documents evidence that discrimination occurred, or the identity of persons whom Ms. Milazzo believes to have knowledge about the claimed discrimination. *Id*; Fed. R. Civ. P. 26(b)(1). The answers to these questions may or may not be in the investigative file, or the investigative file may be incomplete. *Albertson's LLC*, 2007 U.S. Dist. LEXIS 32003 at *3.

Indeed, during Ms. Cotton's deposition, it became evident that Ms. Milazzo's knowledge about Ms. Cotton's claims reaches beyond the information contained within her investigative notes, as Ms. Cotton testified that she met with Ms. Milazzo to discuss her claims prior to filing both her initial and amended charges of discrimination. These meetings are not captured in the notes which EEOC produced.

Further, EEOC has noted that its investigators and supervisors are very busy with their daily work responsibilities -- as are the Company witnesses whom EEOC is likely to want to depose. The EEOC's busy schedule, however, does not provide a legitimate basis to bar Family Dollar from proceeding with their depositions. *Corrections Corp. of America*, 2007 U.S. Dist. LEXIS 94951, at *2; *Airborne Express*, 1999 WL 124380 at *2. As stated previously, we will do our best to accommodate the busy work schedules of the EEOC personnel by scheduling the depositions on a weekend or after working hours.

For all of these reasons, we will not agree to forego the 30(b)(6) deposition and the deposition of Ms. Milazzo. Please advise me by May 16th if EEOC will reconsider its objections to presenting a witness for the noticed Rule 30(b)(6) deposition, and to presenting Ms. Milazzo for her deposition. If we cannot reach agreement, we will have no choice but to bring these issues to the Court's attention.

Very truly yours,

Shanthi V. Gaur/asb
Shanthi V. Gaur

SVG

cc:  John A. Ybarra
     Paul E. Bateman
     Asilia S. Backus

# hp LaserJet 4345mfp series



| Fax Call Report | | | | | | 1 |
|---|---|---|---|---|---|---|

LITTLER MENDELSON P.C.
312-372-7880
May-12-2008 02:17 PM

| Job | Date/Time | Type | Identification | Duration | Pages | Result |
|---|---|---|---|---|---|---|
| 431 | May-12-2008 02:15 PM | Send | 93538555 | 1:26 | 3 | Success |



## LITTLER MENDELSON®
A PROFESSIONAL CORPORATION

### FACSIMILE COVER SHEET

Date:            May 12, 2008

To:              Gordon Waldron

Company:         EEOC

Fax #:           312.353.8555

Phone #:

Fax # verified before sending (initial):

From:            Shanthi Gaur

Ext. or Voice phone #:     312.795.3210

Length, including this cover letter: 3 Pages.
If you do not receive all pages, please call Sender's Phone Number.

Message:

**CONFIDENTIALITY** – The information contained in this fax message is intended only for the personal and confidential use of the designated recipient(s) named above. This message is a communication from attorneys or their agents relating to pending legal matters and, as such, is intended to be privileged and/or confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by mail. Thank you.

Transmittal Completed: _____ am / pm   Client Code: _053439.1071_ User Number: _1598_

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM℠
200 N. LaSalle Street, Suite 2900, Chicago, IL 60601 Tel: 312.372.5520 Fax: 312.372.7880, www.littler.com