# EXHIBIT 6

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Chicago District Office
500 West Madison Street, Suite 2800
Chicago, IL, 60661
TDD: (312) 353-2421
Legal Fax: (312) 353-8555

Via fax to: (312) 372-7880

May 15, 2008

Shanthi Gaur
Littler, Mendelson, P.C.
200 North LaSalle Street, Suite 2900
Chicago, IL 60601

     Re: <u>EEOC v. Family Dollar Inc.</u>, Northern District, IL, No. 07 CV 6996

Dear Counsel:

     This letter responds to your letter of May 12, 2008 requesting that EEOC agree to your proposed 30(b)(6) deposition, and the deposition of EEOC Investigator Carol Milazzo.

     In our April 15 letter we noted that the EEOC's administrative investigation and determination is not a proper subject for litigation, citing *EEOC v. Chicago Miniature Lamp Works*, 526 F. Supp. 974 (N.D. Ill. 1981), and *EEOC v. Caterpillar*, 409 F.3d 831, 833 (7th Cir. 2005). The Seventh Circuit's reluctance to review prior decisions of governmental bodies that have filed suit in federal court is also reflected in *In Re: United States of America*, 398 F.3d 615 (7th Cir. 2005). That case states, "[W]hen the United States Attorneys Office makes a mistake and seeks inappropriate relief, the judiciary's proper course is to deny the [requested relief] not to . . . seek privileged pre-decisional materials. Our legal system does not contemplate an inquisitorial role for federal judges."[1]

---

[1] See also *EEOC v. Walner*, 91 F.3d 963, 968 n.3 (7th Cir. 1996)("This determination of reasonable cause is only an administrative prerequisite to a court action and has no legally binding significance in subsequent litigation."); *EEOC v. St. Anne's Hosp.*, 664 F.2d 128, 131 (7th Cir. 1981)(rejecting defendant's claim that the EEOC failed to investigate adequately a particular claim and noting that "[a] reasonable cause determination is not to adjudicate a claim but to notify an employer of the Commission's findings"); *EEOC v. St. Michael Hosp.*, 1997 WL 665757 (Sept. 26, 1997, E.D. Wis.)(employer may not litigate, as a preliminary matter, the reasonableness of EEOC's determination as this would end-run the purpose of the litigation: to ascertain whether the defendant violated Title VII); *EEOC v. Keco Indus. Inc.*, 748 F.2d 1097, 1100(6th Cir. 1984)(concluding that the district court erred in "inquir[ing] into the sufficiency of the Commission's investigation," (citing *St. Anne's Hosp.*, 664 F.2d at 128); *EEOC v. General Elec. Co.*, 532 F.2d 359, 370 (4th Cir. 1976)("[The EEOC's] proceedings are not binding on the employer and they are not reviewable.").

1

Because federal courts lack authority in an EEOC suit to review the EEOC's determination to find probable cause, it follows that employers may not ask EEOC personnel the basis of any such determination.

I. We decline at this time to offer someone to respond to the 30(b)(6) deposition notice for the reasons we have previously stated.

If, after the deposition of Carol Milazzo, you wish to raise the 30(b)(6) issue again, we will address it then.

II. A) We will make Carol Milazzo available for deposition, so long as it is limited to four hours. In that connection we renew our offer that if the content of Millazo's interview notes are sometimes ambiguous (either because the handwriting is not legible or because the wording is unclear), you may identify to us in writing particular ambiguities, and we will ask her to clarify them to the best of her ability. You may do this before the deposition and we will attempt to provide written answers before the deposition.

B)     You should also know that we will instruct Carol Milazzo not to answer any questions that would breach 1) the attorney-client privilege; or 2) the government deliberative process privilege. See *U.S. v. Farley*, 11 F. 3rd 1385 ((7th Cir. 1993)

We will instruct her not to answer questions about:

i) her mental processes in arriving at any conclusion;

ii) her evaluation of the strengths and weaknesses of various claims;

iii) her opinion as to the credibility of witnesses;
iv) her communications in regard to the above matters with other EEOC staff;

v) policies and procedures in place at the Chicago District Office of the EEOC concerning the conciliation of individual charges of discrimination or of class allegations of discrimination;

vi) policies or procedures in place at the Chicago District Office of the EEOC, or the EEOC generally, regarding the investigation of individual charges of discrimination.

C) We will not object if you ask Milazzo:

i) Whom she interviewed while investigating this case; what those persons said to her; and whom she sought to interview;

ii) What documents she received or requested;

iii) About conciliation efforts undertaken by the Chicago District Office of the EEOC, with respect to Cotton's charge of discrimination against Family Dollar and with respect to allegations of class-wide color based harassment;

iv) What factual knowledge Milazzo has, if any, related to the issues in this litigation that are not recorded in the notes in the Administrative file.

For instance, you imply that Kizzie Cotton provided Milazzo information near the time when Cotton was asked to sign the typed version of her original charge of discrimination and the typed version of her amended charge of discrimination. We will not object to questions in regard to that matter.

D) By way of illustration:

1) We will not object if you ask Milazzo to identify what documents she reviewed in the course of investigation, but if you ask which documents support a conclusion that discrimination occurred, we will object, because that question asks about her mental processes.

2) We will not object if you ask Milazzo to identify whom she interviewed in the course of the investigation, and which documents constitute her notes of those interviews, but if you ask her to identify which response supports a conclusion of discrimination, we will object because that question asks about her mental processes.

Sincerely,

Gordon Waldron
Senior Trial Attorney

3