**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | |
| **Plaintiff,** | **Civil Action No. 07 C 6996** |
| **v.** | **Judge Samuel Der-Yeghiayan** |
| **FAMILY DOLLAR, INC.,** | **Magistrate Judge Sidney I. Schenkier** |
| **Defendant.** | |

**<u>DEFENDANT'S MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT</u>**

Defendant, Family Dollar, Inc. ("Family Dollar"), by and through its attorneys, hereby moves to strike those portions of the Complaint of Plaintiff, Equal Employment Opportunity Commission ("EEOC"), that allege that Family Dollar harassed or discriminated against "other dark skinned African American employees" and that seek relief on behalf of "other dark skinned African American employees." In support of its motion, Family Dollar states as follows:

1.      On December 13, 2007, EEOC filed a one-count Complaint alleging that Family Dollar subjected Kizzie Cotton and "other dark skinned African American employees" to harassment based on the color of their skin. (*See* EEOC's Complaint attached hereto as **Exhibit 1**). The Complaint thus makes claims, and seeks relief, on behalf of a "class" of dark-skinned African-American employees.

2.      On March 19, 2008, the Court ordered that EEOC identify the purported class members (*i.e.*, the "other dark skinned African American employees" referenced in the Complaint) by May 22, 2008. (*See* March 19, 2008 Court Order attached hereto as **Exhibit 2**).

3.      On May 16, 2008, EEOC filed a Motion to Extend the Date for Identifying Class Members. (*See* EEOC's motion attached hereto as **Exhibit 3**). The Court granted EEOC's

motion and ordered that it identify class members by June 23, 2008. (*See* May 21, 2008 Court Order attached hereto as **Exhibit 4**).

4.      On June 23, 2008, EEOC sent a letter to Family Dollar stating the following: "Pursuant to the court's order [sic] the class members be identified by June 23, EEOC states that [sic] seeks relief in the case only for Kizzie Cotton." (*See* EEOC's June 23, 2008 letter attached hereto as **Exhibit 5**). Accordingly, contrary to the Complaint allegations, there are no "other dark skinned African American employees" on whose behalf EEOC is making claims or seeking relief. In fact, in response to recent deposition questioning, EEOC was unable to identify any evidence to support its current assertion that Family Dollar harassed or discriminated against "other dark skinned African American employees." (*See* portions of the deposition transcript of EEOC Investigator Carol Milazzo attached hereto as **Exhibit 6**; 104:5-9; 113:5-8; 131:14-132:2; 146:8-15; 160:21-161:2).

5.      In response to EEOC's June 23, 2008 letter, on June 27, 2008, Family Dollar requested that EEOC withdraw the claims and requests for relief in its Complaint related to "other dark skinned African American employees." (*See* Family Dollar's June 27, 2008 letter attached hereto as **Exhibit 7**). However, EEOC has declined to do so.

6.      EEOC has admitted that it is making claims, and seeking relief, *only* on behalf of Ms. Cotton. EEOC is also unable to identify any evidence to support claims on behalf of anyone other than Ms. Cotton. Thus, EEOC's allegations that Family Dollar harassed or discriminated against Kizzie Cotton and "*other* dark skinned African American employees," and EEOC's request for relief on behalf of Kizzie Cotton "and *other* dark-skinned African American employees" should be stricken from EEOC's Complaint.

WHEREFORE, Family Dollar respectfully requests that the Court strike the portions of EEOC's Complaint related to claims and relief made on behalf of "other dark skinned African American employees," including, but not limited to, Paragraphs 7, 8, and 10, and the Prayer for Relief, with prejudice.  Family Dollar further requests that the Court grant it any and all further relief that the Court deems appropriate.

Respectfully submitted,

FAMILY DOLLAR, INC.

_____/s/ Shanthi V. Gaur_____
One of its attorneys

John A. Ybarra
Paul E. Bateman
Shanthi V. Gaur
Asilia S. Backus
LITTLER MENDELSON, P.C.
200 North LaSalle Street, Suite 2900
Chicago, IL  60601
312.372.5520

Dated: July 21, 2008

## CERTIFICATE OF SERVICE

Shanthi V. Gaur, an attorney, hereby certifies that, July 21, 2008, a copy of the foregoing Defendant's Motion to Strike Portions of Plaintiff's Complaint was filed electronically. Notice of filing will be sent to the following parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

Gordon G. Waldron
United States Equal Employment Opportunity Commission
500 West Madison Street
Suite 2000
Chicago, IL 60661
gordon.waldron@eeoc.gov

Gregory M. Gochanour
United States Equal Employment Opportunity Commission
500 West Madison Street
Suite 2000
Chicago, IL 60661
gregory.gochanour@eeoc.gov

John C. Hendrickson
United States Equal Employment Opportunity Commission
500 West Madison Street
Suite 2000
Chicago, IL 60661
john.hendrickson@eeoc.gov


                              /s/ Shanthi V. Gaur
                              Shanthi V. Gaur