IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) | |
| Plaintiff, | ) ) | Civil Action No: 07 C 6996 |
| v. | ) ) | Judge Der-Yeghiayan |
| FAMILY DOLLAR, INC., | ) ) | Magistrate Judge Schenkier |
| Defendant. | ) ) ) | |

**PLAINITIFF EEOC'S RESPONSE TO DEFENDANT'S
MOTION TO STRIKE PORTIONS OF EEOC'S COMPLAINT**

1) The Equal Employment Opportunity Commission ("EEOC") has filed a complaint against Family Dollar under Title VII of the Civil Rights Action of 1964 alleging that it subjected "Kizzie Cotton and other dark-skinned African American employees to harassment based on the color of their skin and [failed] to take prompt remedial action intended to eliminate the harassment after it became aware of the illegal behavior." (Paragraph 7 of Complaint.)

2) Family Dollar has filed a Motion to Dismiss the portions of EEOC's Complaint related to the allegations made on behalf of "other dark skinned African American employees" (including paragraphs 7, 8 and 10 of the Complaint)[1] and the relief sought for "other dark

---

[1] Paragraphs 8 and 10 of the Complaint allege:
   8. The effect of the practices complained of in paragraph seven above has been to deprive Kizzie Cotton and other dark-skinned African American employees of equal employment opportunities and otherwise adversely affect their status as employees because of their color.
   10. The unlawful employment practices complained of in paragraph seven above were done with malice or with reckless indifference to the federally protected rights of Kizzie Cotton and other dark skinned African American employees.

1

skinned African American Employees" in the Complaint's Prayer for Relief.[2] (Defendant's Motion, page 3.)

3. This court has ordered EEOC to identify the other class members. EEOC did so by letter to defense counsel on June 23, 2008, stating that it "seeks relief in [this] case only for Kizzie Cotton."

4. EEOC has no objection to limiting to Kizzie Cotton its request for monetary relief in Paragraphs C, D and E of its Prayer for Relief.

5. There is no reason, however, at this stage, for the court to strike or limit the EEOC's request for an injunction against color discrimination (Paragraph A of Prayer for Relief), or to strike or limit EEOC's request that Defendant be ordered to provide "equal employment opportunities for dark-skinned African Americans." (Paragraph B of the Prayer for Relief.) Whether such relief should be granted should be decided after trial. For the same reason, there is no reason at this stage to strike or limit Paragraph F (seeking an order that Defendant train its personnel in regard to the law regarding harassment), Paragraph G (seeking other appropriate relief), or Paragraph H (seeking an award of costs).  EEOC thus objects to Defendant's requests as to Paragraphs A, B, F, G and H of the Prayer for Relief.

---

[2] The Prayer for Relief provides:

WHEREFORE, the Commission respectfully requests that this Court:
A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of color;
B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for dark-skinned African Americans, and which eradicate the effects of its past and present unlawful employment practices;
C. Order Defendant to make whole Kizzie Cotton and other dark skinned African American employees  by providing compensation for pecuniary losses resulting from the unlawful employment practices described above;
D. Order Defendant to make whole Kizzie Cotton  and other dark-skinned African American employees by providing compensation for past and future non-pecuniary losses, including emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation;
E. Order Defendant to pay Kizzie Cotton and other dark skinned African American employees punitive damages for its malicious and/or reckless conduct described above, in amounts to be determined at trial;
F. Order Defendant and its successors to provide training to its officers, managers and employees regarding harassment in the workplace;
G. Grant such further relief as the Court deems necessary and proper in the public interest; and

H. Award the Commission its costs in this action.

2

      6.      The EEOC also objects at this stage to the striking of the allegations in regard to "other dark-skinned African American employees" contained in paragraphs 7, 8 and 10 of its Complaint. In *General Telephone Co. v. EEOC*, 446 U.S. 318 (1980), the Supreme Court held that EEOC Title VII suits are not subject to the requirements that govern Rule 23 class actions. As a result, the "class" in this case consists of the person(s) on whose behalf the EEOC seeks relief. The EEOC has stated by letter to Family Dollar, and hereby stipulates, that it now seeks person-specific relief in this case only for Kizzie Cotton, and for no other persons. But EEOC should be allowed to present at trial evidence in support of the allegations in paragraphs 7, 8 and 10 of its Complaint.

      Wherefore, EEOC requests that Defendant's Motion be denied, but EEOC hereby stipulates that it now seeks monetary relief and person-specific relief only for Kizzie Cotton.

              Respectfully submitted,

              s/Gordon Waldron
              Gordon Waldron
              Senior Trial Attorney
              Equal Employment Opportunity Commission
              500 West Madison Street, Suite 2000
              Chicago, Illinois 60661
              (312) 353-7525

**CERTIFICATE OF SERVICE**

I hereby certify that on July 29, 2008, I electronically filed the attached **EEOC Response to Defendant's Motion to Strike Potions of Plaintiff's Complaint,** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

Paul E. Bateman, John Ybarra, Shanthi Gaur, Asilia S. Backus
Littler, Mendelsohn
200 North LaSalle Street, Suite 2900
Chicago, IL 60601
(312) 795 3224

                                                s/ Gordon G. Waldron
                                                Gordon G. Waldron, Bar No. 02920646
                                                Senior Trial Attorney
                                                Equal Employment Opportunity Commission
                                                500 West Madison Street, Suite 2800
                                                Chicago, Illinois 60661
                                                Phone: (312) 353-7525
                                                Fax: (312) 353-8555
                                                gordon.waldron@eeoc.gov